### ORTEGA v. COLLINS NEW YORK MEDICAL INSTITUTE.

(Supreme Court, Appellate Division, Second Department. June 18, 1908.)

MASTER AND SERVANT—COMPENSATION—CONTRACT.

Under plaintiff's contract, by which he took charge of a department of defendant's mail order medical business, his compensation to be at the rate of a certain amount per year, and, in addition, a commission on all receipts in his department, settlements of his compensation to be made monthly, he is not entitled to commissions on money paid defendant after his employment ended, though it was for services rendered patients through his department while he was in charge of it.

Appeal from Municipal Court of New York.

Action by Luis R. Ortega against the Collins New York Medical Institute. From a judgment for plaintiff, defendant appeals. Reversed, and new trial ordered.

Argued before WOODWARD, JENKS, HOOKER, GAYNOR, and RICH, JJ.

Robert L. Turk, for appellant.

Parsons & De Vivier, for respondent.

GAYNOR, J. The defendant carried on the business of giving medical advice and treatment by mail. The plaintiff was employed as

the head of its Spanish department. He had to receive and answer all correspondence in Spanish, and do all the business of that department. The defendant did a considerable business with persons in Cuba and Porto Rico. His compensation was at the rate of $1,000 a year, and a special commission on all receipts in his department, settlements of his compensation to be made monthly. That was the contract. He has recovered a judgment for commissions on receipts since his employment was ended, but on money paid by patients for services rendered by the defendant through his said department while he was in the employment of the defendant. This was a misconstruction of the contract, which was that that portion of his compensation which came from commissions had to be adjusted and paid each month, which it was. This excluded the idea of his still continuing entitled to commissions after his employment ceased. When he began he was entitled to his commission on the total receipts of his department each month, although some or much of it was on business that had come in before his employment, and when he ended he was not entitled to continue drawing commissions on money subsequently received on business current during his employment.

The judgment must be reversed.

Judgment of the Municipal Court reversed, and new trial ordered, costs to abide the event. All concur.