GEORGE G. McCASKEY, Appellant, v. CUMBERLAND GLASS MANUFACTURING COMPANY, Respondent.

First Department, June 13, 1919.

Principal and agent — duty of agent to principal — right of discharged agent to compensation — effect on right where agent commits breach of duty — forfeiture of earned commissions by violation of contract — trial — submission of case to jury where different conclusions deducible from evidence.

An agent owes the duty of utmost good faith to his principal.

Ordinarily where a servant is discharged or leaves the employ at the end of his period of employment, he is entitled to all compensation that had been earned prior thereto, and though he may have been rightfully discharged, he still has the right to recover for such compensation.

Where an agent is employed to solicit trade, any act of his while so employed tending to divert customers from his employer to a rival in business for his own advantage is a gross breach of his duty towards his employer.

In such a case the agent is not entitled to compensation.

In most cases this rule is applied to the particular transaction out of which the compensation arose.

But the forfeiture of commissions already earned should be enforced where the violation of the contract of employment was found to be willful, and with the intention of securing personal benefit at the expense of the employer.

Where reasonable minds might draw different conclusions from the evidence the court should submit the case to the jury and not dispose of it as a question of law.

Appeal by the plaintiff, George G. McCaskey, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of New York on the 21st day of June, 1918, upon a dismissal of the complaint by direction of the court at the close of plaintiff's case.

*Ira Skutch* of counsel [*Feiner & Maass*, attorneys], for the appellant.

*Frank E. Loughran*, for the respondent.

Page, J.:

Plaintiff was employed by the defendant as a salesman upon an agreement to pay a commission of three per cent on the price of all merchandise sold by the plaintiff for the defendant and shipped by the defendant.

The plaintiff had been working for three or four years for the defendant and the new contract of employment was entered into to take effect on October 1, 1916. The plaintiff resigned his position, resignation to take effect on November 30, 1916, and entered into the employ of the North Wheeling Glass Bottle Company. He testified that the course of dealing between the plaintiff and defendant was to credit commissions on sales made by him when goods were shipped and settlements made monthly.

This action is brought to recover commissions upon goods that had been sold prior to his severing his connection with the defendant, shipments of which were made subsequent thereto. In the course of the plaintiff's cross-examination it was developed that on the day before election he went

with a Mr. Shidell, purchasing agent of the Bayer Company, a customer of the defendant, first to Pittsburgh, Penn., where they spent the night, then to Washington, Penn., where the parents of the plaintiff resided, stopping there a few hours, and then to Wheeling, W. Va., where the plaintiff accompanied Shidell to the plant of the North Wheeling Glass Bottle Company, a competitor of the defendant, and Shidell placed an order with the North Wheeling Glass Bottle Company for 1,000,000 bottles, and at the same time plaintiff made an agreement to have the agency of the North Wheeling Glass Bottle Company for New York. On his return from this trip plaintiff immediately notified the defendant that he desired to sever his connection with them and was to enter the employ of the North Wheeling Glass Bottle Company, but he did not inform the defendant that he had diverted the custom of the Bayer Company from it to the North Wheeling Glass Bottle Company. The plaintiff sought to excuse his conduct by stating that Mr. Shidell was dissatisfied with the defendant, and that the defendant would have lost the trade of the Bayer Company in any event. As an agent in the employ of the defendant, the plaintiff owed the duty of utmost good faith to his employer. If he learned of the dissatisfaction of the Bayer Company, it was his duty to report to his employer and attempt to remove the cause of dissatisfaction, and by every means in his power try to hold the trade of the Bayer Company for the defendant. The defendant claims that instead of doing this, he used the dissatisfaction of the customer to divert the trade to a rival and to secure for himself a more advantageous employment with the rival. On the other hand, the plaintiff claims that he did not influence Mr. Shidell to go to Wheeling to visit the works of the North Wheeling Company, nor solicit or influence his placing the order with that company; that he had done everything in his power to hold the trade of the Bayer Company for the defendant; that he had informed the defendant of the dissatisfaction of the Bayer Company with defendant's bottles; that on two occasions he had taken the defendant's general manager to the plant of the Bayer Company to investigate the complaint made by its officers, but that his efforts to hold the business had been unsuccessful.

Ordinarily, where a servant is discharged or leaves the employ at the end of his period of employment, he is entitled to all compensation that had been earned prior thereto, and though he may have been rightfully discharged, he still has a right to recover for such compensation, but in this case the wrongful act of the plaintiff went to the very essence of the contract of employment. The plaintiff was employed as an agent to solicit trade for the defendant. Any act of his while in the employ of the defendant tending to divert customers from the defendant to a rival in business for his own advantage is a gross breach of his duty toward the employer. In such a case the agent is not entitled to compensation. (Mechem Agency [2d ed.], § 1588.) In most cases this rule is applied to the particular transaction out of which the right to compensation arose. (*Ten Eyck* v. *Craig*, 62 N. Y. 406, 419; *Murray* v. *Beard*, 102 id. 505; *Beatty* v. *Guggenheim Exploration Co.*, 223 id. 294; 225 id. 380.) In *Turner* v. *Kouwenhoven* (100 N. Y. 115, 120) the court said: "Cases may, no doubt, arise where the dishonesty of the servant is of such a character as would justify the conclusion that his contract had been violated in a most material and substantial part, and to an extent which would bar any recovery whatever, but the act in such cases, to bar a recovery, must be misconduct and unfaithfulness which substantially violates the contract of service." The forfeiture of commissions already earned should only be enforced where the violation of the contract of employment was found to be willful, and with the intention of securing personal benefit at the expense of the employer. In our opinion reasonable minds might draw different conclusions from the evidence in this case, and the court should have submitted the case to the jury and not disposed of it as a question of law.

The judgment will, therefore, be reversed and a new trial granted, with costs to the appellant to abide the event.

Clarke, P. J., Laughlin, Dowling and Merrell, JJ., concurred.

Judgment reversed and new trial ordered, with costs to appellant to abide event.