GEORGE G. McCASKEY, Respondent, v. CUMBERLAND GLASS MANUFACTURING COMPANY, Appellant.

First Department, November 5, 1920.

Master and servant — contract of employment upon commission basis — right of employee to terminate employment when no term thereof agreed upon — extent of employee's right to commissions — act of employer not constituting anticipatory breach.

Where the plaintiff was employed upon a commission basis and entitled to receive a percentage on all goods shipped by his employer upon orders obtained by him, commissions to be paid monthly after shipment, and there was no term of employment agreed upon, the plaintiff having voluntarily left the defendant's employ is entitled to commissions on shipments made by his employer after the termination of the employment. This because the termination of the employment by the plaintiff was lawful as no term had been agreed upon.

But the fact that the employer stated that he would not recognize any claim of the plaintiff after leaving his employment did not entitle the plaintiff to recover *instanter* commissions upon orders obtained by him which were not yet shipped on the theory that the defendant's action constituted an anticipatory breach.

Under the circumstances aforesaid the plaintiff is only entitled to recover commissions actually earned and payable up to the date of the commencement of the action. But this does not deprive plaintiff of his right to recover in another action commissions upon subsequent shipments.

APPEAL by the defendant, Cumberland Glass Manufacturing Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 30th day of October, 1919, upon the verdict

of a jury, and also from an order entered in said clerk's office on the 11th day of November, 1919, denying defendant's motion for a new trial made upon the minutes.

*Frank E. Loughran,* for the appellant.

*Ira Skutch* of counsel [*Feiner & Maass,* attorneys], for the respondent.

GREENBAUM, J.:

This is an appeal from a judgment of $2,634.20 in favor of the plaintiff, entered upon a verdict of a jury. Plaintiff was a salesman for the defendant from 1912 to 1916. From and after October, 1915, plaintiff worked upon a commission basis under an agreement that he was to receive three per cent on all goods shipped upon his orders, commissions to be paid monthly after shipment. There was no term of employment agreed upon between the parties.

On November 30, 1916, plaintiff left defendant's employ, as he had a right to do. Defendant thereupon notified plaintiff that he would not be paid for goods which had been sold by him and which would be shipped after that date. On the former trial plaintiff's complaint was dismissed on the ground that he had willfully breached his contract in diverting customers from the defendant to a business competitor. On appeal the dismissal was reversed (*McCaskey* v. *Cumberland Glass Manufacturing Co.,* 188 App. Div. 288) on the ground that the question of willful breach was a matter which should have been left to the jury.

This appeal arises from a second trial of the action, the verdict being for the full amount claimed. During the trial there seems to have been some difficulty in determining whether this action was brought upon a contract fully performed by the plaintiff or one for breach of contract on the part of the defendant. Reading the complaint we find that this is clearly an action upon contract which the plaintiff had fully performed. The jury found that as matter of fact there had been no willful breach of the contract on the part of plaintiff in diverting orders to a rival concern. The only questions that remain are, *first,* whether plaintiff was entitled to the payment of commissions on shipments made by defendant under plaintiff's

orders after November 30, 1916, the date when plaintiff's employment had terminated, and *secondly*, if plaintiff was ultimately entitled to payment of such commissions, whether plaintiff's recovery in this action was limited to commissions upon shipments which had been made up to the time when this action was commenced.

The contention of the defendant that plaintiff was not entitled to commissions on shipments made after plaintiff left defendant's employ is untenable. The plaintiff was within his rights to leave the defendant's employ when he did. In the absence of any agreement to the contrary plaintiff became entitled to his commissions upon all orders obtained by him and accepted by the defendant and upon which shipments were made after plaintiff left defendant's employ.

Plaintiff's argument, that the defendant's statement that it would not recognize any claim of the plaintiff after his leaving its employment, entitled him *instanter* to recover commissions upon all orders upon which he had not yet been paid, upon the theory that such conduct on defendant's part constituted an anticipatory breach of the contract on its part, is not convincing.

The doctrine of anticipatory breach does not apply to such a case as this. This seems to be settled by the authorities, notably *Kelly* v. *Security Mutual Life Ins. Co.* (186 N. Y. 16). The opinion in that case states that " the rule that renunciation of a continuous executory contract by one party before the day of performance gives the other party the right to sue at once for damages, is usually applied only to contracts of a special character, even in the jurisdictions where it obtains at all. It is not generally applied to contracts for the payment of money at a future time and in some States the principle is not recognized in any way whatever." (Citing numerous authorities.)

In the instant case plaintiff having fully performed, he ultimately became entitled to be paid definite sums of money based upon the shipments made during a given month. To adopt the language in the *Kelly Case* (*supra*) at page 16, " an attempt to repudiate such a contract does not make it due." It follows that under the terms of the agreement the plaintiff is entitled to recover in this action only for commissions

actually earned and payable up to the date of the commencement of the action. This would not deprive plaintiff of the right to recover for commissions upon shipments that were made after the commencement of the action and indeed the adjudication in this case would be conclusive upon the defendant in respect of plaintiff's right to payment of such commissions. It is conceded in the record that shipments upon plaintiff's orders up to the time of the commencement of the action amounted to $33,428.40 upon which the commissions would be $1,002.85. It is also conceded that shipments made subsequent to the action amounted to $32,291.55 but as to these shipments plaintiff may not recover in this action.

It follows that the judgment must be modified reducing same to the sum of $1,002.85, together with interest thereon and costs, and as modified the judgment and order appealed from are affirmed, without costs in this court.

CLARKE, P. J., LAUGHLIN, DOWLING and SMITH, JJ., concur.

Judgment modified by reducing same to the sum of $1,002.85, together with interest thereon and costs, and as so modified the judgment and order appealed from are affirmed, without costs in this court. Settle order on notice.