GEORGE R. STICKLES, Respondent, *v.* ALVIN J. BERNIER, Appellant.

County Court, St. Lawrence Coun y, March 4, 1931.

*Lawrence Russell*, for the appellant.

*Allan L. Gurley*, for the respondent.

DOLAN, J.  This is an action in the nature of conversion.  The action is based upon the following facts: In November, 1929, one Katherine Sullivan was the owner of a lot in the village of Potsdam and a man by the name of George Williams was a prospective purchaser for said lot providing he could obtain the rear portion of an adjacent lot owned by the plaintiff.  The defendant was the son-in-law of the said Katherine Sullivan.  He carried

on the negotiations not only with George Williams but also with the plaintiff. After some discussion between the plaintiff and the defendant, the plaintiff agreed to sell a rear portion of his lot to the defendant for the sum of $375. The lot of the plaintiff was originally owned by Viola Stickles, the mother of the plaintiff and already deceased. The plaintiff was the only child. The husband of Viola Stickles, namely, Orin J. Stickles, was still living at the time of this transaction. Viola Stickles having died intestate, Orin J. Stickles had a tenancy by curtesy in said parcel of land.

A judgment was pending in favor of one Augustus G. Palmer against Orin J. Stickles, La Vergne Warner and Harry Mannie which judgment was recovered in Franklin county on the 11th day of February, 1928, for the sum of $160.30, a transcript of which judgment was filed in the St. Lawrence county clerk's office, and upon which judgment no payments had been made, and upon which there was due on the 18th day of December, 1929, the sum of $170.90, including interest to that date.

Pursuant to the conversations between the plaintiff and the defendant, a deed was signed by the plaintiff, his wife, and also by his father, Orin J. Stickles, dated November 15, 1929, and acknowledged November 18, 1929, in favor of George Williams and Harriet Williams, his wife, and said deed was delivered to the defendant on or about the said 18th day of November, 1929.

On the day that the deed was delivered the defendant paid to the plaintiff about $140 upon the said purchase price of said lot and retained $177.90 and advised the plaintiff that he was placing $177.90 in the Peoples Bank of Potsdam for the purpose of securing the release of said judgment from said premises.

The grantees named in said deed never had negotiated with either the plaintiff or his said father. The whole transaction was carried on by the defendant. He arranged the terms of sale, he made whatever payments were made to the plaintiff, he had the balance of the purchase price, namely, $177.90, in his possession and under his control and deposited the same in said Peoples Bank and advised the plaintiff to that effect.

The defendant contends that when he discovered the said right of curtesy of Orin J. Stickles which was subject to a judgment of $177.90, he advised the plaintiff that said $177.90 was to be deposited in the Peoples Bank of Potsdam and that the plaintiff had thirty days to clear the judgment from said premises and if said judgment was not released or satisfied, Mr. Williams would take care of it.

The plaintiff denies this conversation and says that when the defendant informed him that said money was being placed in the

bank for the purpose of securing the release of said judgment from said premises he told the defendant to interview his attorney, Mr. Allan Gurley.

Even if the conversation as alleged by the defendant is true, there is no evidence that the plaintiff assented to the proposal of the defendant. The defendant testified what conditions he placed upon the deposit of said money, but there is no evidence that the plaintiff consented to the terms.

Therefore, I find that there was no agreement upon the part of the plaintiff that he had only thirty days to satisfy said judgment or obtain a release of said judgment from said premises.

But even if said balance of the purchase price, namely, $177.90, was withheld by the defendant upon the express condition that if the plaintiff did not satisfy said judgment within thirty days the defendant might obtain a release thereof at any time thereafter and apply so much of said money as might be necessary for that purpose, nevertheless, he was in duty bound to act fairly, honestly and for the best interests of the plaintiff in so securing the release of said judgment from said premises.

The defendant on the trial of this action and the counsel in his brief have assumed that the defendant purchased said judgment of his own accord and without any connection or association with either the plaintiff or the said George Williams. The defendant's position is simply this: That the plaintiff did not secure a release of said judgment within thirty days after the deposit of said money and that then he was free to do whatsoever he pleased in reference to said judgment. Accordingly, as an individual and without acting as trustee or agent for any party, he purchased said judgment for fifty cents on a dollar through his attorney and had the judgment assigned to said attorney and paid his own money for said assignment and then became the sole owner of said judgment against the said Orin J. Stickles and the other two parties named as judgment debtors. Having thus acquired the judgment he undertook to satisfy the same in whole by applying all of the money which was deposited in the said bank. This he had no right to do. If he so acted, he acted without any authority and without due process of law.

The judgment was against Orin J. Stickles. The only interest which Orin J. Stickles could have in said money so deposited was the value of his life interest which according to the mortality table amounted to thirty-seven dollars and sixty-eight cents. The balance of said money belonged to the plaintiff. The judgment was not against the plaintiff. Nevertheless, if the defendant acted independently he took the plaintiff's share of said money and

applied it to the satisfaction of the judgment which was not against the plaintiff.

If the defendant was acting without any authority from either the plaintiff or said Williams, he could not apply even the share of Orin J. Stickles in said money without an order of the court determining first the value of said share of Orin J. Stickles and the amount of money belonging to said Orin J. Stickles to be paid, and the manner in which it was to be paid and the party to whom it should be paid.

Therefore, if the defendant purchased said judgment for his sole benefit without any relationship to his previous associations in the purchase of said land and the depositing of said money, he is liable to the plaintiff for illegally converting said money of the plaintiff to his own use without authority from the plaintiff or said Williams or without due process of law.

If the defendant acted as the agent or trustee of the plaintiff, then he was obliged to act honestly and for the best interests of the plaintiff in the obtaining of the release of said judgment. The most that the defendant could claim would be a trust relationship between himself and the plaintiff.

" It is not necessary to use any particular formula of words in order to create a trust of personal property, and it is not even necessary that such a trust should be evidenced by any writing. Trust relations will be implied when it appears that such was the intention of the parties and when the nature of the transaction is such as to justify or require it." (*Hoffman House* v. *Foote*, 172 N. Y. 348.)

When the defendant took this money and assumed to use it he became virtually the agent or trustee of the plaintiff. Equity and justice demand that he could not profit from the transaction. It would be a strange principle of law if the defendant could take the money of the plaintiff, purchase a judgment not only against the plaintiff's father but against two others for fifty cents on a dollar and become the owner of said judgment, and still retain the plaintiff's money to the amount of the whole judgment without consulting the plaintiff as to the application of said money or the discharge of said judgment.

There is no hint in the evidence that the plaintiff was ever consulted after the thirty days; that the defendant ever approached him as to any instructions; that the plaintiff was ever advised that the defendant had purchased said judgment or that there was any intention on the part of the defendant to satisfy said judgment or to use the plaintiff's money in the payment and extinguishment of said judgment.

An agent or trustee is held to the utmost good faith in his dealings with his principal as *cestui que trust*. (*Murray* v. *Beard*, 102 N. Y. 505; *Wendt* v. *Fisher*, 243 id. 439.)

The rule is inflexible that one in a fiduciary capacity shall not place himself in a position where his interest is or may be in conflict with his duty. (*Densmore* v. *Searle*, 7 App. Div. 45; *Ten Eyck* v. *Craig*, 62 N. Y. 406; *McCaskey* v. *Cumberland Glass Mfg. Co.*, 188 App. Div. 288.)

The defendant advanced in his brief the argument that if this action could be maintained it should have been brought against George Williams instead of the defendant. Such an argument is of no avail to the defendant. The fundamental test as to conversion is the assumption and exercise of dominion whether any actual interference with the property itself be involved or not. (*Boyce* v. *Brockway*, 31 N. Y. 490; *Suzuki* v. *Small*, 214 App. Div. 541.)

To establish conversion it is not necessary to find a manual taking of the property or that the defendant applied it to his own use. If he exercised dominion over it to the exclusion of and in defiance of the owner's right, he is liable for a conversion. (*Debobes* v. *Butterly*, 210 App. Div. 50.)

It is stated in 38 Cyc. (at p. 2056) as follows: " That defendant was acting as agent or servant of another when he wrongfully detained or disposed of plaintiff's goods is no defense, and it is immaterial whether he did so in ignorance of the owner's rights or in obedience to the command of his master or principal."

The plaintiff was not required to make a demand of the defendant for said moneys whether the defendant acted independently or whether he acted as agent or trustee of the plaintiff. If he acted as an individual without any relationship to either the plaintiff or said George Williams then he took and retained the money of the plaintiff illegally and wrongfully and without the consent of the plaintiff. If he acted as agent or trustee for the plaintiff and in that capacity used said moneys for his own benefit, this use constituted a wrongful conversion of said money without the consent or approval of the plaintiff and no demand was necessary. (*Thompson* v. *Vroman*, 66 Hun, 245.)

This action is for the recovery of the difference between $177.90 and the amount which the defendant paid for said judgment. If there was an undisputed agreement that the defendant or George Williams had a right to apply part of the $177.90 to the release of said judgment and the defendant acted in good faith in the purchase of said judgment and actually paid fifty cents on a dollar he probably would be entitled to a credit for that amount. Never-

theless, even in that case good faith would have required the defendant to have informed the plaintiff as to the purchase of said judgment before the purchase was made.

As to the moneys which were not applied upon the judgment, that is, the money for which this action is brought, there seems to be no question but that the defendant is absolutely liable. Consequently, judgment may be had for the plaintiff, with costs.