FREDERICK F. BAYER, Appellant, *v.* OXFORD UNIVERSITY PRESS, INC., Respondent.

First Department, April 18, 1946.

*Thomas O'Rourke Gallagher* for appellant.

*John Logan O'Donnell* of counsel (*Cravath, Swaine & Moore,* attorneys), for respondent.

GLENNON, J. The defendant is engaged mainly in the publication of bibles, textbooks, dictionaries and other types of books with the exception of fiction. The plaintiff entered the employ of the defendant back in August, 1901, and continued until he resigned on December 31, 1943, a period of upwards of forty-two years. He was principally engaged in selling defendant's bibles. In the performance of his work, among other things, he originated special styles of bindings which were adopted by the defendant.

We are not concerned here with the moneys he earned in the early days. However, in 1940 the basis upon which plaintiff had theretofore been compensated for his services was changed. Under the arrangement which became effective January 1, 1940, the defendant agreed to pay plaintiff a salary of

$6,000 per year in addition to his traveling expenses, plus a commission "on each year's business of 2% on sales from $140,000 to $180,000 and 5% on all sales in excess of $180,000." It was provided that that arrangement was to continue until further notice.

Defendant on December 1, 1942, notified plaintiff that it had decided to cancel the 1940 arrangement, insofar as his compensation was concerned, as of December 31, 1942, and that a new plan would be prepared to take effect shortly after January 1, 1943. Under the new arrangement commissions on sales were discontinued and the plaintiff was to receive a fixed salary of $8,000 per year plus a regular bonus based on profits. This plan went into effect February 1, 1943.

The orders obtained by plaintiff during 1942 amounted to $423,731.79. During that year the defendant actually filled orders totalling $369,454.02. In January, 1943, the defendant delivered an additional amount of $8,155.11, leaving a balance of orders in the sum of $46,122.66 which were delivered after February 1, 1943. The defendant paid plaintiff his full commission on the orders filled in 1942, a partial commission on those where deliveries were made in January, 1943, and none on the balance of the orders which it did not fill until after February 1, 1943.

The plaintiff contends that since all the 1942 orders were eventually filled by the defendant, he should have received a 5% commission on all of those orders in excess of $180,000. The difference between the amount of commissions paid and that claimed to have been earned is $2,369.32. The defendant has resisted payment on the ground that under the compensation arrangement in force in 1942 plaintiff was entitled to commissions only upon sales where defendant had made deliveries during that year.

The difficulty with the defendant's position is that the commission constituted a part of plaintiff's compensation for services. The plaintiff had fully performed all the work he was required to do in obtaining the orders which were accepted by the defendant. He did not lose his right to the money he earned because the defendant did not or could not fill all the orders during the year 1942. Had plaintiff left the employ of the defendant at the end of the year 1942, he still would have been entitled to commissions on the 1942 orders subsequently filled. (*McCaskey* v. *Cumberland Glass Mfg. Co.*, 193 App. Div. 856, affd. 233 N. Y. 552; *Dibble* v. *Dimick*, 143 N. Y. 549.) The fact that plaintiff continued in defendant's employ under a new

arrangement did not serve to deprive him of his right to be fully compensated for the services rendered in 1942. The compensation arrangement which went into effect on February 1, 1943, had to do with services rendered on and after that date and had no bearing on the plaintiff's compensation for services theretofore rendered. He was therefore entitled to receive commissions on all 1942 orders when and if filled and the trial court should have awarded him the claimed commissions of $2,369.32.

The plaintiff's bonus claim of $675 was, however, properly disallowed. The memorandum of January 26, 1943, upon which plaintiff relies made it clear that the amount was merely an estimate and that the bonus would not become payable until March of 1944. Since plaintiff was not in the active employ of the defendant on March 15, 1944, as required by the bonus plan adopted by the defendant, he acquired no bonus rights.

The judgment appealed from should therefore be reversed, with costs, and judgment awarded in favor of plaintiff for the sum of $2,369.32, with costs, in payment of the balance of commissions due him for services rendered during the year 1942.

MARTIN, P. J., TOWNLEY, CALLAHAN and PECK, JJ., concur.

Judgment unanimously reversed, with costs, and judgment awarded in favor of plaintiff for the sum of $2,369.32, with costs, in payment of the balance of commissions due him for services rendered during the year 1942. Settle order on notice. [See *post*, p. 929.]