Per Curiam.

This is an action for the recovery of commissions. The plaintiff was in charge of the defendant’s Chicago office and orginally employed on a yearly basis to obtain orders and attend to the servicing of certain machinery and parts manufactured by the defendant. The commissions in suit are allegedly owing to the plaintiff on sales and for servicing the defendant’s product in the assigned territory.
The amount in controversy represents commissions on orders accepted, but not filled by shipment of the goods until after the termination of the plaintiff’s employment. The issue in the case as formulated by the parties and submitted to the trial court was “ whether or not this plaintiff was entitled to commission on goods shipped after his discharge.” In other words, the essential dispute on the record before us is whether the plaintiff’s commissions were earned on the acceptance of orders by the defendant or only at the time of shipment.
While the commissions of an ordinary salesman are usually deemed to have been earned on the performance of his services in the procurement of orders accepted by his employer (Dibble v. Dimick, 143 N. Y. 549; McCaskey v. Cumberland Glass Mfg. Co., 193 App. Div. 856, affd. 233 N. Y. 552; Bayer v. Oxford University Press, Inc., 270 App. Div. 586, affd. 296 N. Y. 780), the parties may otherwise agree or provide in the contract of hiring (Coletti v. Knox Hat Co., 252 N. Y. 468; Ortega v. Collins N. Y. Medical Inst., 127 App. Div. 293). In this case, however, the plaintiff was employed not as an ordinary salesman, but as the local sales manager in charge of a territory and responsible for the servicing as well as the selling of the defendant’s machines and parts. It is obvious that the plaintiff’s discharge not allegedly wrongful put an end to all opportunity for servicing of the defendant’s product.
The plaintiff’s compensation was on the basis of a fixed salary and expenses, plus commissions on all succeeding sales ‘ ‘ Whenever the total commission credits equal the total of your salary and expenses in a given year ”. The defendant also advised the plaintiff that his symbol would be placed on invoices sent to customers, and further that “ It will be our plan to send each salesman a copy of all orders that are received. These copies can be filed by you. When you receive your commission statement at the end of a given month, we will list the shipments *631 according to job numbers. You, therefore, can check to see that you get commission credit on all sales.”
Assuming some ambiguity in the arrangements for compensation as to the time when commissions were earned by the plaintiff, the evidence warrants a finding that the parties themselves gave a practical construction to their agreement so as to make clear an intention that commissions were due and payable only for goods shipped while the plaintiff was still in the defendant’s employ. Thus, the plaintiff was paid and accepted commissions under his contract on many orders obtained by others prior to the commencement of his employment, but which were filled after he entered the defendant’s employ. In fact, the amount of such payments exceeded the sum found by the trial court to be owing to the plaintiff in this case. We think that the plaintiff can hardly be heard to contend for a different construction of his compensation arrangement with the defendant in view of his acquiescence in a practical construction clearly indicating that commissions were payable only so long as the plaintiff continued in the defendant’s employ when orders were filled and the goods shipped to customers in his territory. Accordingly, it is our opinion that the plaintiff is not entitled to commissions on orders unfilled at the time his services were terminated by the defendant.
The judgment in favor of the plaintiff should be reversed, with costs and disbursements to the defendant-appellant, and the complaint dismissed, with costs.
Peck, P. J., Glennon, Dore, Callahan and Van Voorhis, JJ., concur.
Judgment unanimously reversed, with costs and disbursements to the appellant and the complaint dismissed, with costs. Settle order on notice.