Deto, J.
The action was brought to recover the balance of salary and bonus allegedly due plaintiff as district sales manager for the defendant. The plaintiff had been employed by the defendant selling highway and construction machinery almost continuously since 1930. Throughout this period, whether pursuant to oral or written contracts of employment, he received as compensation both a salary and commissions or bonus, based on the volume of business which he and those under him secured. In the year 1947 his contract provided for a salary of $7,200 and a bonus of 3% “ on the gross volume of business secured * * * during the calendar year of 1947, above the basic quota established for the Eastern New York Sales District, accepted and shipped by the Party of the First Part.” Under date of December 11, 1947, the plaintiff sent in his resignation *679 “ to become effective not later than January 15, 1948.” The defendant could have ignored this resignation, since the contract would have expired by its terms on December 31, 1947. Instead, by letter dated December 19, 1947, it accepted the resignation “ effective January 15, 1948.” On December 31, 1947, plaintiff was discharged without cause.
Plaintiff’s claim is made up of three items: Salary for the first two weeks of January, 1948; the balance of commissions allegedly due from business secured in 1946, and commissions on certain equipment sold to the State of New York, but not delivered until after January 1, 1948.
We are in accord with the finding of the Referee that the correspondence above referred to effectively continued the 1947 contract for an additional fifteen days, and that the plaintiff is entitled to one-half month’s salary, or $300 for that period.
The record discloses that the 1946 commissions were the subject of a dispute culminating in a conference between the plaintiff and the then president of the defendant corporation. There is evidence from which the Referee could and did find that their differences were adjusted and that the defendant acknowledged an indebtedness of $3,000 to the plaintiff. Of this amount only $2,476.30 was paid, leaving a balance due of $523.70.
The principal issue raised on this appeal concerns the commissions or bonus which the Referee has found to be due the plaintiff on account of three orders secured by him but not shipped until after his services had been terminated.
As a general rule a salesman’s commissions are deemed earned when orders are procured, regardless of when they may actually be filled. (Bayer v. Oxford Univ. Press, 270 App. Div. 586, affd. 296 N. Y. 780.) There may be an exception, of course, when the duties of the position include something more than mere selling as, for instance, where there is a duty to install or service the equipment (Sommer v. Ermold Co., 275 App. Div. 629), or where, by contract or conduct, the parties have otherwise agreed. Such was not the situation in the instant case. Plaintiff’s duties were to procure orders either through his personal efforts or the efforts of those working under him. When those orders were procured his responsibilities were at an end, except for such contacts as he might maintain for good will purposes. His contract specifically provided that his bonus was to be paid “ on the gross volume of business secured * * * during the calendar year of 1947.” (Italics supplied.) Reference to the acceptance and shipping of such orders comes *680 later in the sentence and is not subject to any time limitation whatsoever. In this respect the contract differs materially from the ones under which it is claimed the parties operated in 1945 and 1946, wherein it was specifically provided that the bonus should be paid on business which was not only secured but accepted and shipped during the calendar year.
We find nothing in the conduct of the parties to take this case from the general rule or to vary the terms of the contract as written. It is true that throughout the many years plaintiff was employed, and regardless of the wording of the particular contract then in effect, it was customary to carry over into the ensuing year commissions due on goods which had not been shipped prior to December 31st, the end of defendant’s fiscal year. However, we regard this as merely a bookkeeping practice. The essential point is that the plaintiff was ultimately paid for all of the business which he secured. Whether he got his check one year or the next made little difference so long as he continued in defendant’s employ. Now the situation has changed. Plaintiff is no longer employed by the defendant and if the shipping of the goods within the contract period is the criterion of payment, plaintiff will be unjustly • deprived of a substantial portion of the fruits of his labor. Neither custom nor contract requires the application of any such rule. Plaintiff is entitled to his commissions or bonus on business procured by him during the life of his contract, as the same was extended to January 15, 1948.
The three items involved in this portion of plaintiff’s claim represent contracts for spreaders, road rollers and trailers which the plaintiff secured for the defendant from the State of New York on bids duly submitted. Regardless of when bids are submitted or opened, a contract with the State does not come into existence until it is awarded by the Commissioner of Standards and Purchase, and in certain instances at least, approved by the Comptroller. (State Finance Law, § 174.) The defendant submitted the low bid for cinder spreaders in the amount of $26,550. The notice of award of this contract is dated December 22,1947. It was approved by the Comptroller on December 24, 1947, and the award is dated December 29, 1947. This item clearly constituted business secured during the year 1947, and the plaintiff is entitled to his bonus of $796.50 on that item. The defendant submitted a bid for road rollers in the amount of $126,900. Again, the defendant was the low bidder. The notice of award for this contract is dated Janu *681 ary 9,1948, was approved January 12,1948, and the award itself is dated January 14,1948. Inasmuch as plaintiff’s 1947 contract had been extended to January 15,1948, this item was entitled to be considered as business secured in 1947, and plaintiff is entitled to his bonus of $3,807 on this item. The defendant submitted a bid of $55,089 on trailers. These bids were opened December 11, 1947, but the defendant was not the low bidder. Under date of January 26, 1948, the lower bids were rejected for failure to meet the specifications. The notice of award to the defendant was dated January 26, 1948, and approved by the Comptroller January 28, 1948. Inasmuch as plaintiff’s contract had expired on January 15,1948, he was not entitled to commissions on this item found to amount to $1,652.67 plus $189.98 interest, amounting in all to $1,842.65. This amount must be deducted from the judgment.
The defendant contends that plaintiff was required to adduce evidence as to the gross profits realized on these three items. This contention is based on a rather cryptic provision in the contract which reads as follows: “ In computing the volume of sales on which this bonus percentage is based a minimum gross profit of twenty per cent (20%) shall be the criterion upon which the volume figures will be determined. Payment of this bonus to be due February 1, 1948.” We are told that this provision means that the amount to be taken into consideration in computing the volume of sales may vary on each order, depending on whether the profit realized exceeded or was less than 20%. We do not think it was incumbent on the plaintiff as part of his affirmative case to delve into the intricacies of the defendant’s methods of computing profits. Obviously, any information on that score was in the exclusive possession of the defendant. If the defendant’s gross profit varied from the 20% mean called for by the contract to the extent that it would affect the prima facie gross volume figures which the plaintiff established, then defendant had ample opportunity to develop that fact.
The judgment appealed from should be modified on the law and facts by reducing the gross amount thereof from $8,141.91 to $6,299.26, and as so modified, affirmed, without costs in this court.
Findings of fact made by the Official Referee numbered 25th and 26th should be reversed. Finding of fact number 28th should be modified by striking therefrom all reference to finding number 26th and reducing the amount found to be due and *682 owing from $7,925.51 to $6,082.86. The conclusions of law as made by the Official Referee should be modified by reducing the amount for which judgment is directed from $7,925.51 to $6,082.86. As so modified, the findings of fact and conclusions of law should be affirmed.
Foster, P. J., Heffernan, Bergan and Coon, JJ., concur.
The judgment appealed from is modified on the law and facts by reducing the gross amount thereof from $8,141.91 to $6,299.26, and so modified, affirmed, without costs in this court.
Findings of fact made by the Official Referee numbered 25th and 26th are reversed. Finding of fact numbered 28th is modified by striking therefrom all reference to finding number 26th and reducing the amount found to be due and owing from $7,925.51 to $6,082.86. The conclusions of law as made by the Official Referee are modified by reducing the amount for which judgment is directed from $7,925.51 to $6,082.86. As so modified, the findings of fact and conclusions of law are affirmed.