*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION: 2001 FED App. 0428P (6th Cir.)
File Name: 01a0428p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

_____

HARRY W. APPLEGATE, INC.,
    *Plaintiff-Appellant,*

    *v.*

No. 00-4050

STATURE ELECTRIC, INC.,
    *Defendant-Appellee.*

Appeal from the United States District Court
for the Northern District of Ohio at Cleveland.
No. 99-01074—Paul R. Matia, Chief District Judge.

Argued: November 30, 2001

Decided and Filed: December 19, 2001

Before: MERRITT, CLAY, and GILMAN, Circuit Judges.

_____

**COUNSEL**

**ARGUED:** Philip J. Weaver, Jr., SMITH, MARSHALL, WEAVER & VERGON, Cleveland, Ohio, for Appellant. Ann E. Knuth, BENESCH, FRIEDLANDER, COPLAN & ARONOFF, Cleveland, Ohio, for Appellee. **ON BRIEF:** Philip J. Weaver, Jr., SMITH, MARSHALL, WEAVER & VERGON, Cleveland, Ohio, George Glavinos, Jr., Cleveland, Ohio, for Appellant. Ann E. Knuth, Maynard A. Buck,

1

BENESCH, FRIEDLANDER, COPLAN & ARONOFF, Cleveland, Ohio, for Appellee.

————————————

**OPINION**

————————————

MERRITT, Circuit Judge.  Plaintiff Harry W. Applegate, Inc. brings a diversity action for breach of contract against Defendant Stature Electric, Inc. ("Stature"), alleging failure to pay commissions on orders solicited by the Plaintiff and placed both prior and subsequent to its termination.  Because the governing state law provides for the payment of commissions on specific orders placed prior to termination, *see McCaskey v. Cumberland Glass Mfg. Co.*, 194 N.Y.S. 360 (N.Y. App. Div. 1920), *affirmed* 223 N.Y. 552, 135 N.E. 914 (1922), and because there is no contractual provision to the contrary, we conclude that the Plaintiff is entitled to commissions on any such orders placed prior to termination. We also find that the contract bars commissions on specific orders placed after termination because the parties clearly considered post termination commissions but did not include them in the written contract.  Lastly, Plaintiff argues that the district court erred in denying it leave to amend its complaint to add an unjust enrichment claim.  We find this argument without merit.  Accordingly, and for the reasons that follow, the decision of the district court is AFFIRMED in part and REVERSED in part, and this case is REMANDED to the district court for further proceedings consistent with this opinion.

The Plaintiff works as a sales representative, soliciting orders on behalf of manufacturers.  In 1979, the Plaintiff began selling for Stature under an oral arrangement, and the parties subsequently entered into a written contract in May, 1994.  Under the Agreement, the Plaintiff was granted the exclusive right to solicit orders for Stature's fractional horsepower electric motors within a certain geographic area in exchange for commissions of five percent. The Agreement further provided that "Commissions shall be deemed earned

by [Plaintiff] upon payment for products to [Stature]." On May 8, 1998, Stature terminated its relationship with the Plaintiff pursuant to the terms of the Agreement.

At issue in this case is whether Plaintiff is entitled to commissions for goods paid for after termination, but released under blanket purchase orders that were procured by Plaintiff and in place prior to termination. These blanket purchase orders did not obligate a customer to buy or Stature to sell any specific quantity of goods, but simply established the terms for the particular motors from time to time ordered by the customer and released by Stature. Stature was free to terminate a blanket purchase order at will.

The district court held that as a matter of law the contract terms provided that the commission was not "earned" until the order was paid for, and as a result granted the Defendant's motion for summary judgment. In addition, the district court denied Plaintiff's motion to file an amended complaint adding an unjust enrichment claim.

On appeal, we review a district court's grant of summary judgment *de novo. J.Z.G. Resources v. Shelby Ins. Co.*, 84 F.3d 211 (6th Cir. 1996). Under its terms, the Agreement is governed by New York law.

There are three potential situations at issue here: (1) the goods were ordered before termination and paid for before termination, (2) the goods were ordered before, but paid for after termination, and (3) the goods were both ordered and paid for after termination. The first situation has been settled by the parties with the Plaintiff reimbursed by the Defendant.

Under the second situation, the Plaintiff is entitled to commissions upon all orders obtained by it and accepted by the Defendant, and upon which shipments or payments were made after Plaintiff left Defendant's employ, in the absence of any agreement to the contrary. *McCaskey v. Cumberland Glass Mfg. Co.*, 184 N.Y.S. 360 (N.Y. App. Div. 1920), *affirmed* 223 N.Y. 552, 135 N.E. 914 (1922). *See Van Praag v. FR Corp.*, 73 N.Y.S.2d 82 (N.Y. Sup. Ct. 1947). The

district court found that the Agreement at issue bars commissions on all orders paid for after termination. We disagree.

The language of the Agreement provides for payment of commissions to the Plaintiff after the Defendant has received payment, but is ambiguous as to whether the Plaintiff's right to receive commissions on placed specific orders is cut off by termination because the Defendant has not received payment. Because the Agreement does not clearly provide a contrary provision, we must follow New York law. As a result, the Plaintiff is entitled to commissions on specific orders for goods placed prior to May 8, 1998. Because there is no evidence in the record as to the date or amount of specific orders, we remand the case to the district court for an evidentiary determination.

The third situation applies to goods ordered pursuant to the blanket purchase orders solicited by the Plaintiff under which specific orders for goods were placed on multiple occasions after termination. Contrary to Plaintiff's assertions, we find that the actions of the parties reveal an intent to prohibit commissions on specific orders placed after termination. Because the contract is ambiguous, we look to the conduct of the parties to determine their intent. *Sayers v. Rochester Telephone Corp. Supplemental Management Pension Plan*, 7 F.3d 1091, 1095 (2d Cir. 1993).

In 1983, the Plaintiff proposed that the parties amend their oral agreement to include the awarding of commissions for a one year duration after termination. This amendment was rejected by the Defendant, and was not adopted in 1994 when the parties entered the governing written agreement. Because commissions on post termination orders were considered and rejected, we interpret the ambiguity in the contract in favor of the Defendant. Here, Plaintiff was on notice that the contract did not provide for such post termination commissions based on the parties prior negotiations, and therefore should not have had any expectation of receiving such commissions. Lastly, although Plaintiff did not raise it, it would be

foreclosed from recovering under a "procuring cause" theory because that theory does not apply to sales representative agreements. *See UWC, Inc. v. Eagle Industries, Inc.*, 213 A.2d 1009, 1011 (N.Y. App. 1995). The Plaintiff is therefore not entitled to any commissions on specific orders placed after its termination, even if they were placed under blanket purchase orders procured by it.

Finally, Plaintiff claims that the district court erred in failing to provide it leave to amend its complaint to add an unjust enrichment claim. Because we read the contract to foreclose post termination commissions based on the prior actions of the parties, we find that the district court did not err. Under New York law, the existence of a valid and written contract governing a particular subject matter precludes recovery in quasi contract for events concerning the same subject matter. *Clark-Fitzpatrick, Inc. v. Long Island Rail Road Co.*, 70 N.Y.2d 382, 388 (N.Y. 1987). Here, the parties clearly contemplated and rejected post termination commissions in their contract, and as a result, Plaintiff is foreclosed from asserting an unjust enrichment claim.

Thus, we REVERSE the district court to the extent that it prohibited commissions for specific orders placed prior to termination, we AFFIRM the district court's decision to deny Plaintiff leave to amend its complaint, and we REMAND for a determination of the amount owed to Plaintiff in commissions for specific orders placed prior to its termination.