■ KATHERINE J. MACKIE, Respondent, v LA SALLE INDUSTRIES, INC., et al.. Appellants. — Order, Supreme Court, New York County (Gammerman, J.), entered March 1, 1982, which denied defendants' motion to dismiss the complaint and for partial summary judgment, unanimously modified, on the law, to grant defendants' motion to the extent of: (1) granting partial summary judgment as to that part of the first cause of action that seeks prospective

---

commissions; (2) dismissing the second, third and fifth causes of action for failure to state a cause of action; (3) dismissing the complaint against all of the individual defendants for failure to state a cause of action, and otherwise affirmed, without costs. Corporate defendant La Salle Industries, Incorporated (La Salle) is a commercial printer. In October, 1975, La Salle orally employed plaintiff Katherine J. Mackie, for no fixed term, as a sales representative. Plaintiff was paid on a commission basis and she received 10% of the net sales on accounts obtained by her, or assigned to her. In April, 1976, plaintiff acquired for La Salle the very lucrative Home Box Office (HBO) account. Between 1976 and 1979, La Salle received from HBO gross sales of almost three million dollars. On August 30, 1978, individual defendants Arthur Solomon, Jack Gorman and Daniel Solomon, informed plaintiff that the HBO account was being taken away from her because allegedly HBO was dissatisfied with plaintiff's performance. Arthur Solomon is La Salle's president and is a director and stockholder of that corporation. Jack Gorman is an officer, director and stockholder of La Salle. Daniel Solomon is Arthur Solomon's son and is an employee of La Salle. Despite plaintiff's protest, La Salle assigned individual defendant Bernard Jacoby to service the HBO account instead of her. The loss of the HBO account meant reduced commissions to plaintiff. Thus, in August, 1979 plaintiff commenced the instant action against La Salle, Arthur Solomon, Jack Gorman, Daniel Solomon and Bernard Jacoby to recover commissions. Immediately after beginning this action, La Salle fired plaintiff. The defendants joined issue by service of an answer. Plaintiff has served a bill of particulars. After plaintiff and Arthur Solomon had given depositions, the defendants moved to dismiss the complaint for failure to state a cause of action or in the alternative for summary judgment. Special Term denied this motion in its entirety, upon the basis that there are triable issues of fact as to each cause of action. We disagree. The first cause of action alleges that La Salle breached the oral employment contract with plaintiff by its refusal to pay plaintiff commissions on her accounts, including but not limited to the HBO account. In her verified bill of particulars, plaintiff admits that she is seeking commissions for the period after her termination. Plaintiff concedes in her deposition that there was no fixed period for her employment. We have said that an employment "without specific termination date * * * [is] terminable at will" (*Edwards v Citibank, N.A.*, 74 AD2d 553, 553-554, app dsmd 51 NY2d 875). It is a settled principle of law that a sales representative, hired at will, is not entitled to commissions after the termination of employment (*Scott v Engineering News Pub. Co.*, 47 App Div 558; *Pelletier v Dobbins-Trinity Coal* [App Term, 1st Dept], 59 NYS2d 676; 36 NY Jur, Master and Servant, § 48). Applying these principles, we grant defendants' motion for partial summary judgment as to the plaintiff's claim for postdischarge commissions, and we dismiss her claim as to them. Plaintiff's second cause of action alleges an unjust enrichment claim against La Salle. Examination of the complaint reveals that plaintiff relies upon the same allegations to support this claim of unjust enrichment as she relied upon to support her claim for breach of contract. The doctrine of unjust enrichment "rests upon the equitable principle that a person shall not be allowed to enrich himself at the expense of another. In truth it is not a contract or promise at all" (*Miller v Schloss*, 218 NY 400, 407). Plaintiff does not plead any facts that would support the conclusion that La Salle retained any commissions for itself. In fact, the plaintiff does not dispute the statement contained in Arthur Solomon's affidavit, which he submitted in his capacity as president of La Salle, that, as to all accounts transferred from plaintiff, full commissions were paid by La Salle to the sales representative who replaced her. Based upon the uncontested facts, we find

that La Salle was not unjustly enriched (*Paramount Film Distr. Corp. v State of New York,* 30 NY2d 415, 421, mod 31 NY2d 678, cert den 414 US 829). Therefore, we dismiss the second cause of action for failure to state a cause of action. In the third cause of action the plaintiff seeks $2,500 in damages upon the ground of Arthur Solomon's alleged tortious conduct. It is undisputed that plaintiff obtained a printing order from Hecht, Higgins and Peterson Advertising, Inc. (Hecht) in the amount of $25,000. Hecht withdrew this order, after Arthur Solomon got into an argument with a representative of Hecht over Hecht's nonpayment of an earlier printing order in the amount of $50,000. Plaintiff admits in her bill of particulars that her claim is solely based upon the aggressive manner in which Arthur Solomon attempted to collect this old debt, which had nothing to do with the printing order she had obtained. In view of plaintiff's admission, we dismiss this cause of action because we find that Arthur Solomon's behavior was not intended to either tortiously interfere with any contract to which plaintiff was a party (*Israel v Dolson Co.,* 1 NY2d 116, 120) or to have been undertaken for the purpose of intentionally harming the plaintiff (*Wegman v Dairylea Coop.,* 50 AD2d 108, 113-114). "[E]ven under the most liberal construction of this pleading, plaintiff fails to state a valid cause of action" (*Wegman v Dairylea Coop., supra,* at p 115). The fifth cause of action in substance asserts that the corporate defendant La Salle and the four individual defendants Messrs. Arthur Solomon, Jack Gorman, Daniel Solomon and Bernard Jacoby, conspired to interfere with La Salle's own employment contract with plaintiff by improperly transferring plaintiff's accounts to others. This allegation "that defendant corporation tortiously interfered with its own contract, quite clearly does not state a legally sufficient cause of action and must also be dismissed. (See *Greyhound Corp. v Commercial Cas. Ins. Co.,* 259 App Div 317, 320.)" (*Manley v Pandick Press,* 72 AD2d 452, 454, app dsmd 49 NY2d 981.) Regardless of her terminology, she is pleading a civil conspiracy. "There is no substantive tort of conspiracy" (*Goldstein v Siegel,* 19 AD2d 489, 493). We dismiss the entire complaint against the four individual defendants because the plaintiff's allegations, as supported by her bill of particulars, fail to state a cause of action against any one of them as individuals, but rather, indicates that their actions, in this matter, were always as officers or employees of the defendant corporation. Concur — Murphy, P. J., Ross, Carro, Asch and Alexander, JJ.