■ CHARLES McENTEE, Appellant, v VAN CLEEF & ARPELS, INC., et al., Respondents.—Order, Supreme Court, New York County (Burton Sherman, J.), entered on August 24, 1989, which granted defendants' motion to dismiss the amended complaint pursuant to CPLR 3211 (a) (7), unanimously affirmed, without costs.

Plaintiff Charles McEntee, a former salesman and sales manager employed by defendant Van Cleef & Arpels, a New York corporation and retail establishment engaged in the fine jewelry business, commenced this action seeking, in four causes of action of an amended complaint, monetary damages arising from the plaintiff's discharge.

Upon review of the record, we find that the IAS court did not err in dismissing the amended complaint, in its entirety, as a matter of law, for failure to state a cause of action upon which relief could be granted.

Specifically, plaintiff's first cause of action, wherein it is alleged that he was dismissed because of certain defamatory statements made by defendant Philippe Arpels to unidentified persons at unspecified times, was properly dismissed as merely a common-law cause of action in tort for abusive or wrongful discharge based upon the termination of an at-will employment. Such an action may not be maintained under New York

law. Further, the purported defamation allegations failed to comply with the specificity requirements of CPLR 3016 (a). *(Sabetay v Sterling Drug,* 69 NY2d 329, 333.)

Similarly, the second cause of action, alleging that the defendants had injured the plaintiff by continuing to sell to and isolate him from his customers and by seeking to deprive him of his good will and customer relations with existing and potential customers, was also properly dismissed as an outgrowth of the wrongful discharge claim. Plaintiff, as a former salesman of defendant Van Cleef & Arpels, failed to allege any facts establishing a proprietary interest in the defendants' store, business or customers upon which to base an independent action for tortious interference. *(Ingle v Glamore Motor Sales,* 73 NY2d 183, 189.)

Equally devoid of merit is the plaintiff's third cause of action, asserting a breach of contract claim for sales commissions he purportedly would have earned at the end of the last year of his employment had he not been discharged, since the plaintiff failed to allege the existence of any contract entitling him to such unearned commissions nor the precise terms thereof. *(Bomser v Moyle,* 89 AD2d 202, 203.)

In conclusion, we find that the IAS court properly dismissed the fourth cause of action of the amended complaint, for alleged commissions arising out of the sale of a particular gem through a third-party auction house acting on behalf of defendant Van Cleef & Arpels, since the plaintiff, again, failed to allege any facts which would establish any contractual or other entitlement to commissions in connection with that auction sale. *(Bomser v Moyle,* 89 AD2d, *supra,* at 203.) Concur —Ross, J. P., Rosenberger, Asch and Smith, JJ.