■ TERRY J. ROHNKE, Appellant-Respondent, v NATIONAL BROADCASTING COMPANY, INC., et al., Respondents-Appellants. —Order, Supreme Court, New York County (Edward J. Greenfield, J.), entered May 23, 1991, as resettled by the order of the same court, entered August 30, 1991, which granted defendants' motion to dismiss the complaint for failure to state a cause of action to the extent of dismissing the first, third and fourth causes of action for intentional infliction of emotional distress, prima facie tort, and reinstatement of employment, and denied the motion as to the second cause of action for

defamation, and the judgment of the same court entered July 30, 1991 pursuant thereto, unanimously modified, on the law, to dismiss the complaint in its entirety, and otherwise affirmed, without costs. The Clerk is directed to enter judgment in favor of the defendants-respondents-appellants dismissing the complaint in its entirety.

Plaintiff's causes of action for intentional infliction of emotional distress and prima facie tort, were properly dismissed because they are based upon the manner in which he was discharged from employment *(Murphy v American Home Prods. Corp.,* 58 NY2d 293); in addition, the cause of action for intentional infliction of emotional distress is deficient for failure to allege conduct that goes beyond all possible bounds of decency *(supra,* at 303). The cause of action for defamation should also have been dismissed because it was based upon the statements defendants made concerning the reasons for plaintiff's discharge *(supra; see, McEntee v Van Cleef & Arpels,* 166 AD2d 359, 360). Concur—Sullivan, J. P., Wallach, Kupferman and Ross, JJ.