■ KENNETH BROOKS, Respondent, v BLUE CROSS OF NORTHEASTERN NEW YORK, INC., Also Known as EMPIRE BLUE CROSS AND BLUE SHIELD, ALBANY DIVISION, Appellant.—Harvey, J. Appeal from that part of an order of the Supreme Court (Conway, J.), entered April 21, 1992 in Albany County, which denied defendant's motion for partial summary judgment dismissing plaintiff's fifth cause of action alleging prima facie tort.

Plaintiff was hired by defendant in August 1971. In 1985, plaintiff worked as a financial director in the treasury area of defendant's Finance Department, but he voluntarily transferred to defendant's Budget Department. While in the Budget Department plaintiff was passed over for the position of Senior Budget Director in favor of Michael Hylan, who eventually became plaintiff's supervisor. In 1986, Hylan became dissatisfied with plaintiff's job performance and gave him several warnings to improve. Despite these warnings, plaintiff was assigned in September 1986 to manage, lead and direct a fixed asset accounting project. Plaintiff was also assigned a new supervisor. Nevertheless, after plaintiff failed to complete his project on schedule, his employment was terminated on April 17, 1987.

Plaintiff commenced this action alleging, inter alia, age

discrimination, breach of contract and prima facie tort. Following joinder of issue and discovery, defendant moved for partial summary judgment dismissing certain causes of action. Plaintiff opposed this motion and cross-moved for an order resolving certain issues in his favor. Supreme Court granted summary judgment to defendant on plaintiff's contract claim but denied that relief with respect to the prima facie tort cause of action. This appeal by defendant followed.

In our view, Supreme Court erred in denying defendant's motion for summary judgment on the prima facie tort claim. While plaintiff is correct in pointing out that there are still some disputed facts in this case that have not been resolved, it is fundamental that the existence of such issues will not defeat a summary judgment motion if, even when the facts are construed in the nonmoving party's favor, the moving party would still be entitled to relief. Here, while plaintiff asserts that he has stated a viable claim of prima facie tort against defendant,* it is apparent from the record that no matter what the claim is labeled, he has alleged no more than the component parts of a claim for wrongful discharge (see, Leibowitz v Bank Leumi Trust Co., 152 AD2d 169, 181).

It is well settled that New York does not recognize wrongful discharge of an at-will employee as a viable tort (see, Ingle v Glamore Motor Sales, 73 NY2d 183, 188). Moreover, courts have not allowed the use of other causes of action such as prima facie tort or intentional infliction of emotional distress as a means to "bootstrap" or substitute for a wrongful termination or an abusive discharge claim (see, supra, at 188-189; Murphy v American Home Prods. Corp., 58 NY2d 293, 297; Hurwitch v Kercull, 182 AD2d 1013, 1015; Leibowitz v Bank Leumi Trust Co., supra). While plaintiff argues that his case can be distinguished because it involves "the repeated, systematic, vindictive, and unjustified pattern" of attacks on his professional competence, we conclude that the alleged acts of defendant are too closely related to the wrongful termination alleged to stand as a distinct cause of action (see, e.g., McEntee v Van Cleef & Arpels, 166 AD2d 359, 360; Leibowitz v Bank Leumi Trust Co., supra).

---

* Plaintiff's amended complaint alleges in its fifth cause of action that defendant conducted a campaign of harassment and intimidation directed against him which included the allegedly unjustifiable criticism of plaintiff's work and ability, threats of firing and singling plaintiff out for "impossible" assignments. Plaintiff alleged that these acts were malicious and intentional and that he incurred special damages in the amount of $8,000.

Our conclusions on this point render it unnecessary to explore the remaining arguments of the parties.

Mikoll, J. P., Yesawich Jr., Crew III and Mahoney, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as denied defendant's motion for partial summary judgment dismissing plaintiff's fifth cause of action; motion granted to that extent and summary judgment awarded to defendant dismissing said cause of action; and, as so modified, affirmed.