■ UWC, INC., Respondent, v EAGLE INDUSTRIES, INC., et al., Appellants. [624 NYS2d 321] —Order unanimously reversed on

the law with costs, motion denied, cross motion granted and complaint dismissed. Memorandum: Defendants appeal from an order denying their cross motion for summary judgment and granting plaintiff's motion to compel discovery. On October 4, 1982, defendants executed a written agreement, appointing plaintiff as their exclusive sales representative in Canada for conductors, wire and cable manufactured by defendants. The agreement provided for cancellation by either party with 30 days written notice and was silent with regard to plaintiff's right to post-termination commissions.

The parties acknowledge that defendants exercised their termination rights by letter dated July 27, 1990. At that time, defendants established a direct sales force in Canada, which lowered their costs and significantly increased their sales. Defendants admit that plaintiff helped to develop defendants' clientele in Canada by promoting defendants' products for a number of years. Defendants paid plaintiff all compensation earned, in accordance with their termination letter. Plaintiff then commenced this action seeking commissions on all post-termination sales for which it was the procuring cause.

Supreme Court determined that defendants had the right to terminate the agreement, but found questions of fact whether plaintiff procured defendants' current customers and whether plaintiff was, therefore, entitled to compensation.

Plaintiff's president admitted in his deposition that plaintiff never received commissions from defendants. Plaintiff purchased products from defendants at wholesale and sold them to third parties at retail. Plaintiff billed the customer directly and paid defendants directly.

We agree with defendants that the "procuring cause" doctrine is not applicable and that they are entitled to judgment as a matter of law. "A broker is generally defined as an agent who, for a commission or brokerage fee, bargains or carries on negotiations in behalf of his principal as an intermediary between the latter and third persons in transacting business relative to the acquisition of contractual rights, or to the sale or purchase of any form of property, real or personal, the custody of which is not entrusted to him for the purpose of discharging his agency" (11 NY Jur 2d, Brokers, § 1, at 342). The procuring cause doctrine is generally applied to real estate transactions (see, e.g., Gross v Valenti, 202 AD2d 971; ERA Joseph Green Real Estate v Daubert, 186 AD2d 885, 887-888) and almost exclusively to individual transactions where a

broker seeks to recover commissions for a single sale *(see, e.g., Sibbald v Bethlehem Iron Co.,* 83 NY 378; *Edward Gottlieb, Inc. v City & Commercial Communications,* 200 AD2d 395; *Gordon v Hong,* 126 AD2d 514). Furthermore, use of the "procuring cause" analysis suggested by plaintiff would entitle plaintiff to compensation ad infinitum so long as customers originally procured by plaintiff continued to purchase defendants' products *(see, Sibbald v Bethlehem Iron Co., supra,* at 385).

We conclude that plaintiff was an at-will sales representative who was entitled to post-discharge commissions only if the parties' agreement expressly provided for such compensation *(see, McEntee v Van Cleef & Arpels,* 166 AD2d 359, 360; *Mackie v La Salle Indus.,* 92 AD2d 821, 822, *appeal dismissed in part* 59 NY2d 750). That rule applies to sales agents as well as sales employees *(see, Frishberg v Esprit de Corp.,* 778 F Supp 793, 803, *affd* 969 F2d 1042; *In re Hudson Feather & Down Prods.* 22 Bankr 247, 254; *see generally,* 3 NY Jur 2d, Agency, § 237, at 61). The agreement did not provide for post-discharge commissions. The court therefore erred in determining that there remained issues of fact concerning plaintiff's right to compensation for post-termination commissions.

Lastly, plaintiff contends that there is an issue of fact whether defendants terminated the agency agreement in bad faith. The court determined that defendants had the right to terminate the contract, but did not address the issue of defendants' alleged bad faith. When employment is at will, there is no implied obligation of good faith and fair dealing *(Naylor v Ceag Elec. Corp.,* 158 AD2d 760, 762). (Appeal from Order of Supreme Court, Erie County, Notaro, J.—Summary Judgment.) Present—Lawton, J. P., Fallon, Wesley, Davis and Boehm, JJ.