■ BENJAMIN ARYEH et al., Appellants, v 61 EAST 86 OWN-ERS CORP. et al., Respondents. [671 NYS2d 653] —Order, Supreme Court, New York County (Emily Goodman, J.), entered on or about August 12, 1997, which, in an action for wrongful eviction, denied plaintiffs' motion for partial summary judgment, unanimously affirmed, with costs.

We agree with the motion court that issues of fact exist as to whether plaintiffs were in default of the stipulation that settled the nonpayment proceeding defendant cooperative brought against them in Civil Court. Plaintiffs argue there is no dispute that they tendered all of the money due under the stipulation as of July 31, 1991. However, defendants claim that while plaintiffs made the first payment of $2,750 due on June 1, 1991, they failed to pay current maintenance charges due on that date, that a portion of the $2,750 payment was therefore applied to the current maintenance, as permitted by the stipulation, and that plaintiffs were in default of the stipulation because they never made the payments in a timely fashion. Issues of fact also exist as to whether the default was cured before the five-day cure period expired. Concur—Milonas, J. P., Rosenberger, Nardelli, Tom and Saxe, JJ.

■ DIANA WILLIAMSON, Respondent, v CITY OF NEW YORK, Appellant. [671 NYS2d 653] —Order, Supreme Court, New York County (Jane Solomon, J.), entered February 27, 1997, which granted plaintiff's motion to strike defendant's answer for disclosure noncompliance, unanimously affirmed, without costs.

Defendant's alleged good faith efforts are belied by its repeated failure to produce the witness for any of the three court-ordered deposition dates spanning a period of two years (see, *Periphery Loungewear v Kantron Roofing Corp.*, 214 AD2d 438), and its excuses are insufficient to establish a reasonable basis for its noncompliance (see, *Furniture Fantasy v Cerrone*, 154 AD2d 506). Concur—Milonas, J. P., Rosenberger, Nardelli and Tom, JJ.