■ KERN, SUSLOW SECURITIES, INC., Respondent-Appellant, v BAYTREE ASSOCIATES, INC., Appellant-Respondent. [695 NYS2d 343] —Judgment, Supreme Court, New York County (Alice Schlesinger, J.), entered October 28, 1998, after a nonjury trial, awarding plaintiff the principal sum of $807,970.29, unanimously modified, on the law and the facts, the judgment vacated and the matter remanded for a hearing to determine the date that Schlisser left plaintiff's employ, plaintiff's claims arising after said date to be precluded, and otherwise affirmed, without costs.

Plaintiff is a securities broker-dealer, defendant is an investment firm which, among other things, acts as an offering agent for companies issuing Regulation S securities, which are unregistered securities sold to foreign investors. In mid-1993, these parties entered into an agreement, undated and without a starting or termination date, that in relevant part states as follows:

"Baytree Associates is planning to act as offering agent for a series of Reg. S offerings. Whereas Baytree is desirous of broadening its list of offerees we agree, that in the event that any introductions made to us by Kern, Suslow Securities, Inc. or its representatives, should result in a purchase of all or any part of any of our offerings, we will share our fees as follows:

"1) It is agreed that Baytree will split with Kern, Suslow its net fee, after the payment to finder's [sic] of fees relative to the introduction of companies."

The record indicates that in late 1993 to early 1994 the parties apparently ceased doing business after they settled the sharing of the fees from their first transaction, but that no further express repudiation of the agreement was ever made. Defendant, however, continued to accept referrals from and pay commissions to plaintiff's employee Schlisser, who also had his own investment services company, Israel Trading. Israel Trading made trades for its customers through Schlisser, who executed the transactions as a representative of plaintiff.

Also in late 1993-early 1994, plaintiff demanded payment of two commissions for deals transacted with Schlisser in late 1993, and defendant refused to pay. Plaintiff made no further demand for commissions due until the commencement of this action in 1996, wherein it seeks payment of several commissions beginning with the two defendant refused to pay in 1993 and continuing through 1996.

The parties' agreement constituted a contract at will, terminable at the pleasure of either party upon reasonable notice (*see, White Plains Towing Corp. v Patterson*, 991 F2d 1049, 1062, *cert denied sub nom. White Plains Towing Corp. v Wright,* 510 US 865; *Rooney v Tyson*, 91 NY2d 685, 690; *Beslow v Novell, Inc.*, 242 AD2d 501; *Cronk v Vogt's Ice Cream*, 15 NYS2d 649, 652). However, the circumstances herein did not constitute a termination of the agreement. The record shows that there was no express repudiation of the agreement by the parties. In any event, defendant's alleged *de facto* termination of the agreement did not excuse its nonpayment of the commissions earned in late 1993 and thereafter (*see, Zupan v Blumberg*, 2 NY2d 547, 552; *Handel v STA Travel*, 198 AD2d 32), since defendant continued to earn fees through the ongoing efforts of plaintiff's employee, Schlisser.

The record raises a question of fact as to when Schlisser left plaintiff's employment, i.e., when commissions owed to plaintiff ceased to accrue. Defendant submitted to the trial court an order to show cause seeking the vacatur of the court's August 14, 1998 decision and order on the basis that said order errone-

ously assumed, without basis in the record, that Schlisser left plaintiff no earlier than the end of 1996. The order to show cause, which the court summarily denied, included as an exhibit a newly-obtained document from the National Association of Securities Dealers' Central Registration Depository, which showed June 23, 1995 as the date on which Schlisser left plaintiff. Consequently, the matter must be remanded to determine the appropriate date of Schlisser's departure, plaintiff's claims for commissions arising thereafter to be precluded from recovery. Concur—Rosenberger, J. P., Williams, Mazzarelli, Lerner and Buckley, JJ.