■ MARYANN CIRILLO, Appellant, v MUSS DEVELOPMENT COMPANY et al., Respondents. [717 NYS2d 638] —In an action, *inter alia,* to recover damages for breach of contract, the plaintiff appeals, as limited by her notice of appeal and brief, from so much of an order of the Supreme Court, Queens County (Posner, J.), entered November 22, 1999, as granted those branches of the defendants' motion pursuant to CPLR 3211 (a) (7) which were to dismiss the first cause of action to the extent that it seeks to recover post-termination commissions, the second cause of action insofar as asserted against the defendant Muss Development Company, and the third and fourth causes of action insofar as asserted against the defendant Stanley J. Markowitz, and denied that branch of her cross motion which was for leave to amend the first cause of action.

Ordered that the order is modified, on the law, by deleting the provisions thereof granting those branches of the defendants' motion which were to dismiss the first cause of action to the extent that it seeks to recover post-termination commissions and the third and fourth causes of action insofar as asserted against the defendant Stanley J. Markowitz, and

substituting therefor a provision denying those branches of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The plaintiff was employed by the defendant Muss Development Company (hereinafter Muss) as a commercial leasing agent on an at-will basis until her termination on March 2, 1999. Pursuant to a 1991 compensation agreement, as modified by an agreement effective January 1, 1993, she was paid a base salary plus commissions. In accordance with the 1991 agreement, the plaintiff was to receive commissions for leases "closed and fully executed due to [her] initiative and efforts in establishing the original contact and/or arranging the first direct communications with the tenant." The 1993 modification, *inter alia*, changed her commission rate and provided that as to commissions greater than $5,000, one-half would be paid upon execution of the lease and one-half when the tenant took occupancy.

In her first cause of action, the plaintiff seeks to recover from Muss commissions earned and payable at the time of her termination, as well as commissions she claims were earned for leases executed before her termination, but which were not fully payable because the tenant had not taken occupancy. Concluding that the plaintiff, as an at-will employee, was not entitled to recover post-termination commissions, the Supreme Court dismissed so much of the first cause of action as sought to recover commissions allegedly earned, but not yet payable on the date she was terminated. In doing so, the court determined that pursuant to the compensation agreements, the plaintiff was entitled to a commission only when a lease was executed and a tenant had taken occupancy. We disagree.

The 1993 modification did not clearly and unambiguously provide that commissions were earned only when a lease was executed and a tenant took occupancy. Rather, the modification may only have changed the payment schedule for commissions in excess of $5,000. If a commission was earned upon execution of a lease, but was partially payable at a later time, then the plaintiff would be entitled to the relief she seeks (*see, Yudell v Israel & Assocs.,* 248 AD2d 189; *Weiner v Diebold Group,* 173 AD2d 166). The court, however, properly denied the plaintiff leave to amend her first cause of action to add a claim for post-termination commissions on leases executed after her termination (*see, UWC, Inc. v Eagle Indus.,* 213 AD2d 1009; *Scott v Engineering News Publ. Co.,* 47 App Div 558).

The court also erred in granting those branches of the defendants' motion which were to dismiss the plaintiff's third

and fourth causes of action, which allege gender discrimination and retaliatory discharge, insofar as asserted against the defendant Stanley J. Markowitz. Assuming the truth of the allegations in the plaintiff's complaint and in her affidavit submitted in opposition to the defendants' motion, and affording her every favorable inference (*see, Guggenheimer v Ginzburg,* 43 NY2d 268), she has sufficiently alleged that Markowitz had the authority to make personnel decisions and salary and benefit determinations. If, in fact, Markowitz had the "power to do more than carry out personnel decisions made by others," he may be subject to liability under the Human Rights Law (*see, Patrowich v Chemical Bank,* 63 NY2d 541, 542; Executive Law § 296).

The court properly granted that branch of the defendants' motion which was to dismiss the plaintiff's second cause of action alleging a breach of the covenant of good faith and fair dealing by Muss during the period of her employment. While that cause of action is not duplicative of the first cause of action, as found by the court, the plaintiff's vague and conclusory allegations are insufficient to state a cause of action. Bracken, J. P., Altman, Friedmann and Krausman, JJ., concur.