■ DUANE THOMAS LLC, Respondent, v AMY WALLIN, Appellant. [779 NYS2d 466]—

Order, Supreme Court, New York County (Barbara R. Kapnick, J.), entered December 5, 2003, which, in an action for ejectment, inter alia, granted plaintiff's motion for use and occupancy and dismissal of defendant's second counterclaim, and denied defendant's cross motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Factual issues as to who breached the parties' 2001 agreement settling the prior holdover proceeding preclude dismissal of plaintiff's claim for ejectment based on defendant's breach of that agreement (*see Aryeh v 61 E. 86 Owners Corp.*, 249 AD2d 248 [1998]). The issue of what, if any, notice of termination defendant was entitled to prior to the commencement of this action is entwined with factual issues that also cannot be determined on this record, including whether the subject unit is

covered by the Rent Stabilization Law and whether a landlord-tenant relationship was reestablished by the 2001 agreement. To the extent the IAS court stated that a predicate notice was not necessary in this ejectment action, such statement was premature. Defendant's counterclaim for sexual harassment and intentional infliction of emotional distress was properly dismissed because plaintiff cannot be held liable for the alleged outrageous conduct of an agent who was acting for personal motives unrelated to the furtherance of plaintiff's business (*see N.X. v Cabrini Med. Ctr.*, 97 NY2d 247, 251 [2002]; *Stallings v U.S. Elecs.*, 270 AD2d 188 [2000]), and the complained-of conduct, while unquestionably in poor taste, was not so outrageous and extreme as to go beyond all possible bounds of decency (*see Howell v New York Post Co.*, 81 NY2d 115, 122 [1993]). We have considered defendant's remaining arguments and find them unavailing. Concur—Nardelli, J.P., Ellerin, Williams, Lerner and Catterson, JJ.