■ MELISSA CONDE et al., Respondents, v YESHIVA UNIVERSITY, Appellant, et al., Defendant. [792 NYS2d 387]—

Order, Supreme Court, Bronx County (Janice L. Bowman, J.), entered April 21, 2004, which denied the motion of defendant Yeshiva University (YU) to dismiss the complaint, unanimously modified, on the law, the causes of action for negligent hiring, supervision, training and retention of an unfit employee, for vicarious assault and battery, and for intentional infliction of emotional distress by YU dismissed, and otherwise affirmed, without costs.

Plaintiffs are not obligated to arbitrate their employment discrimination claims because the collective bargaining agreement (CBA) does not clearly and unmistakably waive their statutory right to a judicial forum (*see Wright v Universal Mar. Serv. Corp.*, 525 US 70, 79-80 [1998]). The CBA's general arbitration clause provides for arbitration of "Any dispute, difference, or controversy related to wages, hours and working conditions," which could be understood to mean only disputes concerning matters under the contract (*see id.* at 80; *cf. Matter of Ball [SFX Broadcasting]*, 236 AD2d 158 [1997], *lv denied* 92 NY2d 803 [1998]). Although another portion of the CBA required the agreements to be subject to all applicable laws in effect, it lacked the necessary explicit incorporation of statutory antidiscrimination requirements to presume arbitrability (*see Wright v Universal Mar. Serv. Corp., supra*, 525 US at 81; *cf. Circuit City Stores v Adams*, 532 US 105, 109-110 [2001]). That YU's CBA contained a nondiscrimination provision, in contrast to the CBA in *Wright*, does not make any waiver of the right to a judicial forum "clear and unmistakable." (525 US at 80.) Nor do we find apposite *Butler Mfg. Co. v United Steelworkers of Am.* (336 F3d 629, 633-634 [7th Cir 2003]), particularly in light of the fact that the court there did not compel the employee to submit to arbitration, but rather found that the arbitrator had the power under the CBA to arbitrate particular statutory claims after both parties had initially agreed to do so.

YU did procure workers' compensation coverage for plaintiffs, as was undisputed at oral argument. The claim for negligent hiring and retention must thus be dismissed due to the exclusivity of remedy under Workers' Compensation Law §§ 11 and 29 (6) (*Burlew v American Mut. Ins. Co.*, 63 NY2d 412, 416 [1984]).

The court erred in declining to dismiss the assault and battery causes of action brought under the doctrine of respondeat superior. Defendant Frucht clearly acted beyond the scope of his employment, motivated by private concerns that were not even remotely related to any conduct YU could have foreseen in the performance of his duties (*see Dykes v McRoberts Protective Agency*, 256 AD2d 2 [1998]).

Plaintiffs' claim for intentional infliction of emotional distress should also have been dismissed as against YU, where their remedy for damages has been preserved in the surviving statutory claims for sexual harassment and retaliation (*McIntyre v Manhattan Ford, Lincoln-Mercury*, 256 AD2d 269, 270 [1998], *lv denied* 94 NY2d 753 [1999]). Concur—Mazzarelli, J.P., Sullivan, Ellerin, Nardelli and Williams, JJ.