■ MARYLYN R. DUNN, Appellant, v ASTORIA FEDERAL SAVINGS AND LOAN ASSOCIATION et al., Respondents. [856 NYS2d 114]—

Order, Supreme Court, New York County (Judith J. Gische, J.), entered January 30, 2007, which, insofar as appealed from, granted defendants' motions for summary judgment dismissing plaintiff's causes of action for retaliatory termination and sexual harassment/hostile work environment, unanimously affirmed, without costs.

Plaintiff was terminated from her employment as a secretary for defendant Javitz at defendant Astoria Federal Savings and

Loan Association after it was discovered from a third party that she forged Javitz's signature on a credit card authorization letter for her son. Following her termination, plaintiff brought this action alleging that her firing was, in fact, retaliation for threatening to bring a sexual harassment claim against Javitz.

The motion court properly granted summary judgment in favor of defendants dismissing the retaliatory termination cause of action where the evidence establishes that plaintiff did not complain to anyone at the bank, including Astoria's Human Resource Department, about Javitz's alleged wrongful conduct and thus, there are no triable issues of fact as to her employer's knowledge of the alleged harassment (*see Forrest v Jewish Guild for the Blind*, 3 NY3d 295, 313 [2004]). Nor are there triable issues of fact that plaintiff's complaint to defendant Javitz caused Astoria to terminate her. Furthermore, the overwhelming evidence of plaintiff's forgery, provided a legitimate, nondiscriminatory basis for her termination (*id.*).

Dismissal of plaintiff's sexual harassment/hostile work environment claim was also appropriate, since plaintiff failed to avail herself of Astoria's antidiscrimination policy of which she was aware (*see Burlington Industries, Inc. v Ellerth*, 524 US 742, 765 [1998]; *Faragher v Boca Raton*, 524 US 775, 807-808 [1998]). Contrary to plaintiff's contention that this affirmative defense is unavailable in light of her termination, the evidence establishes that plaintiff's termination was not retaliatory.

We have considered plaintiff's remaining contentions and find them unavailing. Concur—Lippman, P.J., Mazzarelli, Sweeny, Moskowitz and Renwick, JJ.