Ammie C. Kapchek, Respondent, v United Refining Company, Inc., et al., Appellants, et al., Defendants. [871 NYS2d 511]—

Memorandum: Plaintiff commenced this action seeking damages for sexual harassment pursuant to Executive Law § 296 (1) (a). Contrary to the contention of defendants-appellants (defendants), Supreme Court properly denied their motion seeking summary judgment dismissing the complaint against them inasmuch as they failed to establish their entitlement to judgment as a matter of law (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). Plaintiff was employed by defendants as an assistant manager and on November 17, 2004 the 23-year-old plaintiff was assigned to work with 57-year-old defendant Gerald Azrie. According to plaintiff's deposition testimony submitted by defendants in support of their motion, Azrie and his friend, defendant Kenneth Tuckey, repeatedly made vulgar comments to plaintiff, requested sexual favors from her, offered to pay her for sexual favors and touched plaintiff against her will. We therefore conclude that defendants' own submissions raise a triable issue of fact whether the conduct of Azrie and Tuckey resulted in a hostile work environment, i.e., a workplace "permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to

alter the terms and conditions of employment" (*Vitale v Rosina Food Prods.*, 283 AD2d 141, 143 [2001] [internal quotation marks omitted]; *see generally Forrest v Jewish Guild for the Blind*, 3 NY3d 295, 326-327 [2004]). Although defendants investigated the allegations, their submissions establish that no corrective actions were taken, and thus defendants failed to establish that the actions of Azrie and Tuckey were not condoned (*see Vitale*, 283 AD2d at 143-144). Present—Scudder, P.J., Hurlbutt, Fahey, Peradotto and Pine, JJ.