■ Rod Arellano, Respondent, v HSBC Bank USA et al., Appellants, et al., Defendant. [888 NYS2d 398]—

Order, Supreme Court, New York County (Emily Jane Goodman, J.), entered March 12, 2009, which, in an action for, inter alia, wrongful termination, denied defendants-appellants' motion for leave to amend their answer so as to add the affirmative defense of statute of limitations, and, upon amendment, for summary judgment dismissing the complaint as against them, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment in favor of defendants-appellants dismissing the complaint as against them.

The motion court should have granted defendants leave to amend the answer (*see* CPLR 3025 [b]). Although the motion was made approximately three years after defendants answered the complaint, plaintiff did not and could not reasonably claim to have been prejudiced or surprised by the request to amend the answer (*see Solomon Holding Corp. v Golia*, 55 AD3d 507 [2008]; *Seda v New York City Hous. Auth.*, 181 AD2d 469 [1992], *lv denied* 80 NY2d 759 [1992]).

We further find that defendants were entitled to summary judgment. The allegations raised in support of plaintiff's cause of action for employment discrimination are identical to those raised in his communications to the Equal Employment Opportunity Commission, and thus any action thereon was required to have been brought within 90 days of his receipt of the letter giving him the right to sue (*see Meadows v Robert Flemings, Inc.*, 290 AD2d 386 [2002], *lv dismissed* 100 NY2d 555 [2003]). Similarly time-barred are plaintiff's claims of infliction of extreme emotional distress, libel and slander (*see* CPLR 215).

Furthermore, there is no support in the record for plaintiff's claims of wrongful termination (*see Lobosco v New York Tel. Co./NYNEX*, 96 NY2d 312, 316 [2001]; *Shah v Wilco Sys., Inc.*,

27 AD3d 169, 174 [2005], *lv dismissed in part and denied in part* 7 NY3d 859 [2006]); retaliation (*see Forrest v Jewish Guild for the Blind*, 3 NY3d 295, 312-313 [2004]; *Dunn v Astoria Fed. Sav. & Loan Assn.*, 51 AD3d 474 [2008], *lv denied* 11 NY3d 705 [2008]); and wrongful accusation (*see Duane Thomas LLC v Wallin*, 8 AD3d 193, 194 [2004]). Concur—Tom, J.P., Friedman, Moskowitz, Freedman and Abdus-Salaam, JJ.