■ EDWARD GORDON, Appellant-Respondent, v JAMES W. WILSON, Respondent-Appellant. [891 NYS2d 478]—

The plaintiff and the defendant, insurance agents, entered into a business relationship in which they agreed to share commissions on insurance policies sold to certain business clients, including commissions on original policies and on renewals. Over the years of their relationship, several writings memorialized the terms of the parties' arrangement. After collaborating for more than a decade, the parties' business relationship terminated. The defendant paid the plaintiff commissions on renewals through approximately March 2006.

The plaintiff commenced this action alleging, inter alia, that the defendant breached their agreement to pay the plaintiff commissions on all insurance policy renewals and on all new policies sold in the future to shared clients or, as the plaintiff refers to them, "split cases." The defendant, alleging that, upon termination of the business relationship, the plaintiff was no longer entitled to commissions, counterclaimed against the plaintiff to recover commissions allegedly erroneously paid to the plaintiff after their relationship had terminated.

The plaintiff moved for summary judgment dismissing the defendant's counterclaims and the defendant cross-moved for summary judgment dismissing the complaint. The Supreme Court denied the plaintiff's motion, granted that branch of the defendant's cross motion which was for summary judgment dismissing the second and third causes of action, and denied

that branch of the defendant's cross motion which was for summary judgment dismissing the cause of action to recover damages for breach of contract.

In a letter dated July 31, 2003, the defendant stated that the plaintiff was entitled to commissions on renewals "on existing cases as long as you remain with the firm." However, in a letter dated July 14, 2005, the defendant stated that, "[i]f you leave [the firm], all commissions not in your name will not be vested and all commissions in your name will 'travel' with you according to the guidelines of the carrier."

Since the relationship was at will, the plaintiff would be deemed to have assented to each of the foregoing by remaining in the relationship after receipt of the letters (*see Bottini v Lewis & Judge Co.*, 211 AD2d 1006, 1008 [1995]; *General Elec. Tech. Servs. Co. v Clinton*, 173 AD2d 86 [1991]). Neither party, however, established, as a matter of law, whether or not the plaintiff assented to the July 2005 terms by remaining in the relationship and, absent an express agreement, an at-will sales representative is not entitled to post-termination commissions (*see McGimpsey v J. Robert Folchetti & Assoc., LLC*, 19 AD3d 658 [2005]; *UWC, Inc. v Eagle Indus.*, 213 AD2d 1009 [1995]; *Mackie v La Salle Indus.*, 92 AD2d 821 [1983]).

Since the counterclaims sought to recover only those payments that the defendant allegedly made to the plaintiff after the termination of their relationship, and since the plaintiff failed to establish, as a matter of law, either the date on which the parties' relationship terminated or that he was entitled to post-termination commissions, the Supreme Court properly denied the plaintiff's motion for summary judgment dismissing counterclaims (*see Cirillo v Muss Dev. Co.*, 278 AD2d 353, 354 [2000]; *cf. UWC, Inc. v Eagle Indus.*, 213 AD2d at 1011).

As to the branch of the defendant's cross motion which was for summary judgment dismissing the cause of action to recover damages for breach of contract, both the July 2003 and July 2005 letters provided that the plaintiff would be entitled to commissions at least until the plaintiff's relationship with the firm was terminated. Since the defendant failed to establish as a matter of law when the plaintiff's relationship with the firm ended, the Supreme Court properly denied that branch of the defendant's cross motion which was for summary judgment dismissing the breach of contract cause of action (*see Kern, Suslow Sec. v Baytree Assoc.*, 264 AD2d 639 [1999]).

The parties' remaining contentions are without merit. Rivera, J.P., Dillon, Miller and Roman, JJ., concur.