■ VERA CARREA, Respondent, v IMAGIMED, LLC, Doing Business as OPEN MRI OF YORKTOWN, et al., Appellants. [905 NYS2d 213]—

In an action, inter alia, to recover damages for sexual harassment, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Putnam County

(O'Rourke, J.), dated September 3, 2009, as denied those branches of their motion which were for summary judgment dismissing the causes of action alleging sexual harassment based on a hostile work environment, common-law harassment, civil rights violations, and prima facie tort.

Ordered that the order is modified, on the law, by deleting the provisions thereof denying those branches of the defendants' motion which were for summary judgment dismissing the causes of action alleging common-law harassment, civil rights violations, and prima facie tort and substituting therefor provisions granting those branches of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

From 2001 to 2006, the plaintiff worked as a physician's liaison or sales representative for the defendant Imagimed, LLC, doing business as Open MRI of Yorktown (hereinafter Imagimed). The individual defendants, John Kenny and Gary Altieri (hereinafter the individual defendants), were her supervisor and a coworker, respectively. In 2007, after the plaintiff left the company, she commenced this action, alleging, inter alia, that the individual defendants subjected her on numerous occasions to "unwelcome verbal conduct of a sexual nature, including foul language, jokes, gestures or innuendo."

After discovery was completed, the defendants moved for summary judgment dismissing the complaint. The Supreme Court granted the motion with respect to the cause of action to recover damages for "quid pro quo harassment" upon the plaintiff's concession, but denied the defendants' motion in all other respects. We modify.

As the plaintiff correctly concedes, the causes of action alleging common-law harassment and violations of her civil rights should have been dismissed "in light of" her statutory claim under the Executive Law. Further, the plaintiff acknowledges that her claim for damages for emotional distress is a component of her Executive Law claim, and not a separate cause of action. Moreover, the Supreme Court should have dismissed the plaintiff's cause of action alleging prima facie tort. The plaintiff failed to allege special damages with the required specificity (*see Mancuso v Allergy Assoc. of Rochester*, 70 AD3d 1499, 1501 [2010]; *Nationscredit Fin. Servs. Corp. v Turcios*, 55 AD3d 806, 808 [2008]; *Del Vecchio v Nelson*, 300 AD2d 277, 278 [2002]), and she failed to allege that the motivation of the individual defendants was "disinterested malevolence" (*Mancuso v Allergy Assoc. of Rochester*, 70 AD3d at 1501; *see Simaee v Levi*, 22 AD3d 559, 562-563 [2005]).

The Supreme Court, however, properly denied that branch of the defendants' motion which was for summary judgment dismissing the cause of action alleging sexual harassment based on a hostile work environment, inasmuch as the defendants failed to establish their prima facie entitlement to judgment as a matter of law (*see Kapchek v United Ref. Co., Inc.*, 57 AD3d 1521 [2008]). Insofar as the cause of action was asserted against the individual defendants, John Kenny and Gary Altieri, the defendants failed to establish, prima facie, that Kenny lacked the authority "to do more than carry out personnel decisions made by others" (*Patrowich v Chemical Bank*, 63 NY2d 541, 542 [1984]; *see Cirillo v Muss Dev. Co.*, 278 AD2d 353, 355 [2000]), or that Altieri, who was alleged to have participated in and incited the allegedly discriminatory conduct, would not be personally liable under an aiding and abetting theory (*see* Executive Law § 296 [6]; *Mitchell v TAM Equities, Inc.*, 27 AD3d 703, 707 [2006]; *Nesathurai v University at Buffalo, State Univ. of N.Y.*, 23 AD3d 1070, 1072 [2005]; *Murphy v ERA United Realty*, 251 AD2d 469, 471 [1998]). Finally, the defendants' own evidence, which indicated that Imagimed's President was aware of, and indeed fostered, an atmosphere of such harassment, demonstrated that there was a triable issue of fact as to whether Imagimed may be held liable (*see Matter of Gold Coast Rest. Corp. v Gibson*, 67 AD3d 798, 799 [2009]; *cf. Forrest v Jewish Guild for the Blind*, 3 NY3d 295, 311-312 [2004]; *Dunn v Astoria Fed. Sav. & Loan Assn.*, 51 AD3d 474, 475 [2008]). Fisher, J.P., Covello, Hall and Sgroi, JJ., concur.