[999 NE2d 1144, 977 NYS2d 699]

AYODELE SANDIFORD, Respondent, v CITY OF NEW YORK DEPARTMENT OF EDUCATION et al., Appellants, et al., Defendants.

Argued September 10, 2013; decided October 17, 2013

### APPEARANCES OF COUNSEL

*Michael A. Cardozo, Corporation Counsel*, New York City (*Susan Greenberg, Mordecai Newman, Leonard Koerner* and *Larry A. Sonnenshein* of counsel), for appellants.

*Meenan & Associates, LLC*, New York City (*Colleen M. Meenan* and *Shelley-Ann Quilty* of counsel), for respondent.

*Ritz Clark & Ben-Asher LLP*, New York City (*Miriam F. Clark* of counsel), for National Employment Lawyers Association/New York, amicus curiae.

### OPINION OF THE COURT

MEMORANDUM.

The order of the Appellate Division should be affirmed, with costs, and the certified question answered in the affirmative.

Plaintiff has introduced evidence sufficient to withstand defendants' motion for summary judgment dismissing her discrimination and retaliation claims under provisions of the New York City and New York State Human Rights Laws (Administrative Code of City of NY §§ 8-101, 8-107 [1], [7], [13] [a], [b]; Executive Law § 296 [1] [a], [e]) arising out of her

termination for misconduct as a school aide by the principal of PS 181 in Brooklyn.[1]

Triable issues of fact exist as to whether the principal's stated reason for terminating plaintiff was "merely a pretext for discrimination" (*see Forrest v Jewish Guild for the Blind*, 3 NY3d 295, 305 [2004]),[2] and whether, absent a discriminatory motive, the referral of plaintiff to the Office of Special Investigations and the principal's subsequent decision to terminate plaintiff would have occurred (*see Michaelis v State of New York*, 258 AD2d 693, 694 [3d Dept 1999], *lv denied* 93 NY2d 806 [1999]; *Raskin v Wyatt Co.*, 125 F3d 55, 60 [2d Cir 1997]). Defendants are of course correct that evidence only that the principal made stray discriminatory comments without any basis for inferring a connection to the termination would be insufficient to defeat defendants' motion (*see Forrest*, 3 NY3d at 308 [comments made years before the plaintiff's termination failed to raise a triable issue of fact in light of the clear evidence of plaintiff's misconduct]). But that is not the case here. Plaintiff has offered evidence of, among other things: defendant principal's repeated homophobic remarks directed at plaintiff; his decision to report to the Department of Education (DOE) allegations that plaintiff had engaged in misconduct while working at an after-school program that he did not supervise; his close relationship with the alleged victims of the misconduct; his independent decision to terminate plaintiff's employment; and the after-school program supervisor's opinion that plaintiff had not engaged in any misconduct worthy of reporting to the DOE. This is sufficient to deny defendants' motion for summary dismissal.

There are triable issues of fact also with respect to assertions that the principal retaliated against plaintiff for complaining to

1. Plaintiff grieved her termination under her union's collective bargaining agreement. In a grievance decision dated over one year after her termination, the Chancellor of the Department of Education ordered her reinstated with back pay less two weeks and a letter to her file warning her not to engage in misconduct.

2. Because there are triable issues of fact as to plaintiff's discrimination claim under the State Human Rights Law, to which the *McDonnell Douglas Corp. v Green* burden shifting framework applies (411 US 792, 802-804 [1973]), it is unnecessary to address whether the Local Civil Rights Restoration Act of 2005 modified that framework and eased a plaintiff's burden in the context of a New York City Human Rights Law discrimination claim (*see Bennett v Health Mgt. Sys., Inc.*, 92 AD3d 29, 34-44 [1st Dept 2011], *lv denied* 18 NY3d 811 [2012]; *and see Furfero v St. John's Univ.*, 94 AD3d 695, 697 [2d Dept 2012]).

the DOE about his treatment of her (*see Forrest*, 3 NY3d at 312-313).

Chief Judge LIPPMAN and Judges GRAFFEO, READ, SMITH, PIGOTT, RIVERA and ABDUS-SALAAM concur.

Order affirmed, with costs, and certified question answered in the affirmative, in a memorandum.