■ DESIREE NELSON, Respondent, v JOHN VIGORITO, SR., Individually and as Chief Executive Officer of Security Auto Sales, Inc., Doing Business as Security Dodge, et al., Appellants. [994 NYS2d 649]—

In an action, inter alia, to recover damages for discrimination in employment on the basis of sex in violation of Executive Law § 296 and intentional infliction of emotional distress, the defendants appeal from an order of the Supreme Court, Nassau County (Galasso, J.), entered January 14, 2013, which denied their motion for summary judgment dismissing the complaint.

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the defendants' motion which was for summary judgment dismissing the cause of action alleging intentional infliction of emotional distress and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed, without costs or disbursements.

The plaintiff, a former employee of the defendant Security Auto Sales, Inc., doing business as Security Dodge (hereinafter Security), alleges that the defendant John Vigorito, Sr., who was the majority owner of Security, propositioned her repeatedly in crude and vulgar terms, and touched her inappropriately. The plaintiff alleged that Vigorito's conduct continued even after the plaintiff told him that his conduct was unwelcome. Despite the plaintiff's complaint to other employees and managers of Security, and their assurances that an investigation had been or would be conducted, and that her employment would continue, it is alleged that Vigorito indicated by his conduct that he would continue to pursue the plaintiff. Accordingly, the plaintiff left her job at Security, and she thereafter commenced this action seeking damages. After discovery was conducted, the defendants moved for summary judgment dismissing the complaint. The Supreme Court denied their motion, and the defendants appeal.

As an initial matter, Security failed to establish, prima facie, that it may not be held responsible for the conduct of its majority owner, Vigorito, since he was " 'indisputably within that class of an employer organization's officials who may be treated as the organization's proxy' " (*Matter of Winkler v New York State Div. of Human Rights*, 59 AD3d 1055, 1056 [2009], quoting *Faragher v Boca Raton*, 524 US 775, 789 [1998]).

As to the cause of action alleging sexual discrimination based on the creation of a hostile work environment, the defendants failed to establish, prima facie, that the underlying alleged conduct, which allegedly continued over the entire time the plaintiff was employed at Security, did not rise to the level of a hostile work environment (*see Carrea v Imagimed, LLC*, 74 AD3d 860, 862 [2010]; *Kapchek v United Ref. Co., Inc.*, 57 AD3d 1521, 1521-1522 [2008]; *see generally Harris v Forklift Systems,*

*Inc.*, 510 US 17, 21 [1993]). In connection with the cause of action alleging, in effect, that the plaintiff was constructively discharged from employment, the plaintiff, in opposition to the defendants' prima facie showing of entitlement to judgment as a matter of law, raised a triable issue of fact as to whether Vigorito intentionally created working conditions " 'so difficult or unpleasant that a reasonable person in the employee's shoes would have felt compelled to resign' " (*Morris v Schroder Capital Mgt. Intl.*, 7 NY3d 616, 622 [2006], quoting *Pena v Brattleboro Retreat*, 702 F2d 322, 325 [2d Cir 1983]; *see Kaptan v Danchig*, 19 AD3d 456, 458 [2005]). Accordingly, the Supreme Court properly denied those branches of the defendants' motion which were for summary judgment dismissing the causes of action alleging discrimination based on the creation of a hostile work environment and constructive discharge from employment. With respect to the cause of action alleging intentional infliction of emotional distress, however, the defendants established their prima facie entitlement to judgment as a matter of law, and the plaintiff failed to raise a triable issue of fact in opposition (*see Conde v Yeshiva Univ.*, 16 AD3d 185, 187 [2005]; *McIntyre v Manhattan Ford, Lincoln-Mercury*, 256 AD2d 269, 270 [1998]; *see generally Marmelstein v Kehillat New Hempstead: The Rav Aron Jofen Community Synagogue*, 11 NY3d 15, 22-23 [2008]; *Murphy v American Home Prods. Corp.*, 58 NY2d 293, 303 [1983]). Accordingly, the Supreme Court should have granted that branch of the defendants' motion which was for summary judgment dismissing the cause of action alleging intentional infliction of emotional distress.

The defendants' remaining contention is without merit. Dillon, J.P., Balkin, Cohen and Barros, JJ., concur.