■ GARY LINDER, Appellant, v INNOVATIVE COMMERCIAL SYSTEMS LLC et al., Respondents. [8 NYS3d 191]—

Order, Supreme Court, New York County (Eileen Bransten, J.), entered October 18, 2013, which, insofar as appealed from, granted defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Given the seven-year course of dealing between the parties, in which plaintiff received regular statements about his commissions, and the always adhered-to practice of paying the commissions only if and when customers paid on the contracts plaintiff procured, plaintiff earned his commissions upon payment by the customer (*see Pachter v Bernard Hodes Group, Inc.*, 10 NY3d 609, 617-618 [2008]). Thus, absent an agreement expressly providing for posttermination commissions, plaintiff,

an at-will commissions salesman, was not entitled to commissions for payments made by customers after his termination (*see id.*; *Yudell v Israel & Assoc.*, 248 AD2d 189, 189-190 [1st Dept 1998]). Furthermore, since plaintiff was fully compensated under his agreement with defendants, he had no claim for a violation of the Labor Law (*see Tierney v Capricorn Invs.*, 189 AD2d 629, 632 [1st Dept 1993], *lv denied* 81 NY2d 710 [1993]). Nor did he have a claim for unjust enrichment, where defendants merely retained the amounts that they were not obligated to pay for posttermination commissions. Concur—Acosta, J.P., Saxe, DeGrasse and Richter, JJ.