# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**994**

**CA 16-00178**

PRESENT: WHALEN, P.J., PERADOTTO, NEMOYER, CURRAN, AND TROUTMAN, JJ.


MICHELE MOORE-HAARR, INDIVIDUALLY, AND DOING
BUSINESS AS PROPEL TECHNOLOGY,
PLAINTIFF-RESPONDENT,

V                                                   MEMORANDUM AND ORDER

Z-AXIS, INC., DEFENDANT-APPELLANT,
AND MICHAEL ALLEN, DEFENDANT.

---

BARCLAY DAMON LLP, ROCHESTER (SCOTT P. ROGOFF OF COUNSEL), FOR
DEFENDANT-APPELLANT.

GALLO & IACOVANGELO, LLP, ROCHESTER (JOSEPH B. RIZZO OF COUNSEL), FOR
PLAINTIFF-RESPONDENT.

---

Appeal from an order of the Supreme Court, Ontario County
(Matthew A. Rosenbaum, J.), entered August 17, 2015. The order,
insofar as appealed from, denied that part of the motion of defendants
seeking summary judgment dismissing the complaint against defendant
Z-AXIS, Inc. and granted that part of the cross motion of plaintiff
seeking to compel responses to her notice to admit.

It is hereby ORDERED that the order insofar as appealed from is
unanimously reversed on the law without costs, the cross motion is
denied in its entirety, the motion is granted in its entirety, and the
complaint against defendant Z-AXIS, Inc. is dismissed.

Memorandum: In this action for breach of contract, plaintiff
seeks to recover sales commissions totaling over $89,000 from Z-AXIS,
Inc. (defendant). The sales for which plaintiff seeks the commissions
were made by defendant, and the goods were shipped to and paid for by
defendant's customers, after defendant terminated its relationship
with plaintiff. According to plaintiff, however, she earned the
commissions before her termination, because they were brought about by
sales quotes or solicitations prepared before such termination.
Supreme Court granted defendants' motion for summary judgment only in
part, dismissing the complaint against defendant Michael Allen, and we
agree with defendants that the court should have granted their motion
in its entirety. An at-will sales representative, agent, or employee
is not entitled to posttermination commissions absent an agreement
expressly providing for such commissions (*see Devany v Brockway Dev.,
LLC*, 72 AD3d 1008, 1009; *Gordon v Wilson*, 68 AD3d 1058, 1060; *UWC,
Inc. v Eagle Indus.*, 213 AD2d 1009, 1011, *lv denied* 85 NY2d 812). On
their motion, defendants established as a matter of law that there was

no such express agreement between the parties and indeed that the subject of posttermination commissions was never discussed during the parties' relationship, and plaintiff failed to raise a triable question of fact in opposition to the motion (*see Devany*, 72 AD3d at 1009; *UWC, Inc.*, 213 AD2d at 1011). Moreover, the record establishes that, during the course of dealing between the parties, at no time was plaintiff paid a sales commission prior to defendant's shipment of the goods to its customer and receipt of that customer's payment for such goods (*see Linder v Innovative Commercial Sys. LLC*, 127 AD3d 670, 670). Thus, there is no support in the record for plaintiff's claim that she earned the commissions in question before her termination.

Entered: November 18, 2016

Frances E. Cafarell
Clerk of the Court