Susan Shellogg, Plaintiff-Appellant, 
against
DST Russian and Turkish Bath, Inc., ADS Rusian and Turkish Baths, Inc., LZA Baths, Inc., Dmitry B. Shapiro a/k/a Dmitri Shapiro a/k/a Dmitry Shapiro, B. David Shapiro, Jack Shapiro, Leo Sloman a/k/a Leonard Sloman and Boris Tuberman, Defendants-Respondents.



Plaintiff, as limited by her briefs, appeals from so much of an order of the Civil Court of the City of New York, New York County (Erika M. Edwards, J.), entered October 20, 2016, which granted that branch of defendants' motion for summary judgment dismissing the first and second causes of action.




Per Curiam.
Order (Erika M. Edwards, J.), entered on October 20, 2016, insofar as appealed from, reversed, with $10 costs, and the first and second causes of action reinstated.
Plaintiff, an esthetician and reflexologist at the Russian and Turkish Bathhouse operated by defendants, alleged in her deposition and in her affidavit that, from the inception of her employment, defendants expected her to engage in sexual activities with male customers; that when she refused, she was reprimanded and not referred any clients for certain periods, thereby reducing her income; that she was told that she was not a "team player" because of her refusal to engage in sexual activities with clients; that she was subjected to vulgar sexual comments and hostile actions by other employees; and that defendants did not take any action in response to her complaints.
Defendants' motion for summary judgment dismissing plaintiff's causes of action for unlawful, gender-based employment discrimination under the New York State Human Rights Law and the New York City Human Rights Law should not have been granted. Viewing the evidence in the light most favorable to plaintiff (see McRedmond v Sutton Place Rest. & Bar, Inc., 95 AD3d 671, 672 [2012]), a reasonable person could find that defendants' conduct created an objectively hostile or abusive environment (see Forrest v Jewish Guild for the Blind, 3 NY3d 295, 310 [2004]; Anderson v Edmiston & Co., Inc., 131 AD3d 416 [2015]; see also Nelson v Vigorito, 121 AD3d 872, 873 [2014]), and that defendants retaliated against plaintiff in violation of the New York City and New York State Human Rights Law (see Sandiford v City of NY Dept. [*2]of Educ., 22 NY3d 914 [2013]). We note that defendant has not submitted any evidentiary proof to counter plaintiff's allegations.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: December 22, 2017