Winiarski v Butler (2021 NY Slip Op 07534)





Winiarski v Butler


2021 NY Slip Op 07534


Decided on December 28, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 28, 2021

Before: Kern, J.P., Moulton, Mendez, Shulman, Higgitt, JJ. 


Index No. 151858/20 Appeal No. 14909 Case No. 2021-01589 

[*1]Stephen Winiarski, Plaintiff-Appellant,
v
John E. Butler, Jr., et al., Defendants-Respondents.


Rasco Klock Perez & Nieto, LLC, New York (James Halter of counsel), for appellant.
Gordon Ress Scully Mansukhani LLP, New York (Francis J. Giambalvo of counsel), for respondents.



Order, Supreme Court, New York County (David B. Cohen, J.), entered on or about April 2, 2021, which granted defendants' motion to dismiss this action asserting defamation and tortious interference with business relations, unanimously affirmed, without costs.
"New York does not recognize the tort of wrongful discharge" for at-will employees (Lobosco v New York Tel. Co./NYNEX, 96 NY2d 312, 316 [2001]), and discharged employees cannot "subvert the traditional at-will contract rule by casting [their] cause of action in terms of [another] tort" (Murphy v American Home Prods. Corp., 58 NY2d 293, 303-304 [1983]; see Baker v Guardian Life Ins. Co. of Am., 12 AD3d 285, 285 [1st Dept 2004]).
Plaintiff's defamation claims were properly dismissed, since they are "based upon the statements defendants made concerning the reasons for plaintiff's discharge" (Rohnke v National Broadcasting Co., 186 AD2d 436, 437 [1st Dept 1992]). His claim for tortious interference with business relations, arising from the same statements, was likewise "an outgrowth of the wrongful discharge claim" (McEntee v Van Cleef & Arpels, 166 AD2d 359, 360 [1st Dept 1990]). That the statements were allegedly made externally to defendants' retail construction client, one month before plaintiff was fired, does not undercut the conclusion that they are "too closely related" to plaintiff's termination "to stand as a distinct cause of action" (LaDuke v Lyons, 250 AD2d 969, 973 [3d Dept 1998], quoting Brooks v Blue Cross of Northeastern N.Y., 190 AD2d 894, 895 [3d Dept 1993]; see McEntee, 166 AD2d at 359 [allegedly defamatory statements made "to unidentified persons at unspecified times"]).
We have considered plaintiff's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 28, 2021